Argued and submitted September 3, reversed November 24, 1980,
reconsideration allowed, former opinion adhered to
(50 Or App 207, 622 P2d 763) February 3,
reconsideration denied March 12,
petition for review allowed May 5, 1981
See later issue Oregon Reports

# DUCOSIN,
*Respondent,*

*v.*

# MOTT,
*Appellant.*

## (No. 77-4-184, CA 16290)

619 P2d 678

John C. Anicker, Jr., Oregon City, argued the cause and filed the brief for appellant.

Robert J. Morgan, Milwaukie, argued the cause for respondent. With him on the brief was Emil R. Berg, Portland.

Before Richardson, Presiding Judge, and Thornton and Buttler, Judges.

THORNTON, J.

## THORNTON, J.

Defendant appeals from a judgment following trial to the court which found that defendant had maliciously slandered plaintiff by telephoning the county medical examiner and suggesting that he undertake an investigation of the death of plaintiff's mother in the nursing home where plaintiff worked because, according to the testimony, defendant believed plaintiff "possibly administered inappropriate amounts of medication to [plaintiff's mother], leading to her death." Defendant's sole contention on appeal is that the communication to the medical examiner was absolutely privileged as opposed to qualifiedly privileged as determined by the trial court. We agree and therefore reverse.

■ ■ The defense of privilege in a defamation case is a complete bar to recovery. The difference in terms of proof between absolute privilege and qualified or conditional privilege is that the latter requires an affirmative showing that the communication was false and made with actual malice in order to defeat the privilege, whereas the former may be overcome only by demonstrating that the defamatory statement is irrelevant to the subject matter of the proceeding in connection with which the communication is made. *Strycker v. Levell and Peterson,* 183 Or 59, 66-67, 190 P2d 922 (1948); 50 Am Jur 2d § 195 (1970). Defendant concedes that there was evidence from which malice could have been found. Therefore, the case turns on whether or not the communication here gives rise to an absolute privilege.

■ The policy underlying absolute privilege is that in certain situations it is in the public interest that a person speak freely, to such an extent that the law is willing to assume the risk that from time to time the privilege will be abused by the making of false and malicious statements. *Ramstead v. Morgan,* 219 Or 383, 387, 347 P2d 594 (1959). *See also Grubb v. Johnson,* 205 Or 624, 634, 289 P2d 1067 (1955).

In *Cushman v. Edgar,* 44 Or App 297, 302, 605 P2d 1210 (1980), we held that a letter sent to the governor requesting him to initiate an investigation into the conduct

of police officers in the course of dealing with pickets (members of defendant labor union) was "absolutely privileged as a report to a proper officer of government concerning alleged law violations * * *." *Cf. Cushman v. L. B. Day,* 43 Or App 123, 132, 602 P2d 327 (1979), *rev den* 288 Or 57 (1980), where it was not clear that defendant was requesting an investigation of the charges.

■ In this case, the telephone call was made to the county medical examiner, who is empowered by law to investigate all deaths which appear to be the result of suicide or homicide or which occur under suspicious circumstances. ORS 146.090(1). The medical examiner, should he conclude from the information obtained that an investigation is warranted, is required to notify the district attorney. ORS 146.100(5). If subsequent investigation discloses that the death was the result of homicide, appropriate criminal proceedings would be initiated. On these facts, we conclude that the communication to the medical examiner is indistinguishable from the letter in *Cushman v. Edgar, supra,* and therefore reverse.[1]

Reversed.

---

[1] Plaintiff cites *State v. Kerekes,* 225 Or 352, 361, 357 P2d 413 (1960), 358 P2d 523 (1961), which appears to hold that the privilege of one reporting a potential law violation to a proper authority is qualified only. No mention is made in that case of absolute privilege and the question of the scope of the privilege was apparently not before the court.