Submitted on record and briefs May 15, affirmed December 1, 1981

DURR,
*Respondent,*

*v.*

KELLEHER,
*Appellant.*

(No. 24357, CA 18825)

636 P2d 1015

J. Michael Alexander and Brown, Burt, Swanson &
Lathen, P.C., Salem, filed the brief for appellant.

Warren John West, Bend, filed the brief for respondent.

Before Buttler, Presiding Judge, and Warden and Warren, Judges.

WARDEN, J.

**WARDEN, J.**

Defendant appeals from a judgment after a trial to the court awarding damages for defamation. The court found that defendant had maliciously slandered plaintiff by calling him a "crook" and a "dishonest" police officer. Defendant's sole contention on appeal is that the communications were absolutely privileged, as opposed to qualifiedly privileged as determined by the trial court. We affirm.

This case arose out of defendant's initial complaint that he had been defrauded out of a vehicle title by one of his customers. He felt that he had a basis to file criminal charges and contacted the Deschutes County District Attorney, who directed him to the local office of the State Police. After arriving there, defendant was told that plaintiff, a state police officer, would probably be assigned to investigate the claim. Defendant had been dissatisfied with plaintiff's involvement in a prior investigation. As a result, defendant complained about plaintiff's assignment in the present case, telling the dispatcher and plaintiff's immediate supervisor that plaintiff was "dishonest" and a "crook." Defendant made similar statements to the Deschutes County District Attorney and to the Deputy Superintendent of the Oregon State Police.

■ ■ Defendant contends that, because these statements were related to his attempt to initiate a criminal prosecution, they were absolutely privileged. Although it is true that absolute immunity attaches to statements made in the course of, or incident to, a judicial or quasi-judicial proceeding, *Ramstead v. Morgan,* 219 Or 383, 388, 347 P2d 594 (1959); *Cushman v. L. B. Day,* 43 Or App 123, 131, 602 P2d 327 (1980), the privilege may be overcome by demonstrating that the defamatory statement is irrelevant to the *subject matter* of the proceeding in connection with which the communication was made. *Ducosin v. Mott,* 49 Or App 369, 371, 619 P2d 678 (1980). Statements made concerning the officer assigned to investigate criminal activity were not relevant to the subject matter of the resulting criminal prosecution.

■ Defendant also contends that official action against plaintiff was initiated when defendant reported plaintiff's alleged misconduct to his superiors. Defendant

cites the case of *Cushman v. Edgar,* 44 Or App 297, 605 P2d 1210 (1980), in which the defendant, in a letter to the Governor, made allegations of police misconduct and requested an investigation by the Attorney General. We found such inquiries to be absolutely privileged as a report of unlawful conduct to a proper officer of government. *See also, Ducosin v. Mott, supra* (request addressed to medical examiner to investigate a death held absolutely privileged). In the present case, the record supports the trial court's finding that defendant made his remarks for the purpose of having plaintiff's superiors provide another investigator, *not* to initiate an investigation into plaintiff's conduct.

Because defendant's defamatory statements were not relevant to the subject matter of the criminal proceedings he sought to initiate, and because defendant was not requesting an investigation of the officer's conduct, we conclude that defendant's statements were not absolutely privileged.

Affirmed.