Argued and submitted November 19, 1993, affirmed January 19, 1994

## Phillip LEVEQUE, D.O., Ph.D.,
*Appellant,*

*v.*

## Charles P. A. PAULSON,
*Respondent.*

(9109-05961; CA A75722)

867 P2d 516

Margaret H. Leek Leiberan argued the cause for appellant. On the brief was Henry Kane.

Thomas W. Brown argued the cause for respondent. With him on the brief was Cosgrave, Vergeer & Kester.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

WARREN, P. J.

## WARREN, P. J.

In this action for defamation, plaintiff appeals from a judgment entered after the trial court denied his motion for partial summary judgment and granted defendant's motion for summary judgment. We affirm.

The facts are not in dispute. Plaintiff is a physician and defendant is an attorney. Defendant represented a third party, Greene, in an unsuccessful action to recover damages for injuries she allegedly received from being exposed to fumes from a broken gas heater. At trial in the injury case, plaintiff testified on Greene's behalf as an expert witness. At the time of trial, the State Board of Medical Examiners (Board) had placed restrictions on plaintiff's practice of medicine. Defendant was aware of those restrictions.

About two years after the trial, Greene filed a complaint with the Portland police department against defendant, alleging that he had sexually abused her. The Portland police department and Multnomah County district attorney investigated her complaint and forwarded a copy of their reports to the Oregon State Bar (OSB). The complaint and police report contain specific allegations of sexual abuse and general accusations that defendant inadquately litigated her claim. The OSB asked defendant to respond to those allegations.[1] Defendant's response included a brief description of his representation of Greene, which stated, in part:

"I was first asked to represent [Greene] in the fall of 1985 regarding a claim for injuries she felt were sustained as a result of being exposed to fumes from a cracked heat exchanger on a gas furnace. She was claiming a lung disorder and impaired intellectual function as a result of the exposure.

"I commenced obtaining medical information and early on I was advised by Dr. Keith Ironsides, her primary pulmonologist, and Dr. Laury Lundberg of the Family Care Unit at St. Vincent Hospital that [her claims of illness] did not relate any of her symptoms, either directly or indirectly, to inhalation of fumes from a gas furnace with a broken heat exchanger.

---

[1] The OSB enclosed copies of Greene's complaint, the police report and the district attorney's report.

"On her own, Ms. Greene contacted Dr. Robert Stanulis, a certified neuropsychologist, who in September of 1986 conducted testing which did not confirm brain damage. She also contacted Dr. William Morton at the University of Oregon Medical School who did an extensive battery of neuropsychological testing, resulting in a conclusion by Dr. Morton and others that she did not suffer asthma, epilepsy, or toxic encephalopathy (brain damage) as a result of being exposed to gas fumes. I am attaching their reports.

"The only experts who supported a claim of brain damage were Dr. Tinker, a non-licensed practicing psychologist, and [plaintiff], an osteopathic physician * * * who has since lost his license.

"Trial preparation was extremely difficult due to the fact that the really qualified medical experts did not support her claim that she had sustained any injury as a result of the gas exposure."

Plaintiff objects only to that part of defendant's statement that asserts he "has since lost his license," claiming that it is false and not absolutely privileged.

After learning of defendant's statement to the OSB, plaintiff brought this defamation action.[2] At trial, the parties made cross motions for summary judgment. The court granted defendant's motion on the ground that defendant's statement was absolutely privileged, and denied plaintiff's motion. Plaintiff assigns error to the granting of summary judgment to defendant.

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. ORCP 47; *Seeborg v. General Motors Corporation*, 284 Or 695, 699, 588 P2d 1100 (1978). Because there is no factual dispute in this case, we determine whether defendant was entitled to judgment as a matter of law.

Plaintiff first argues that the trial court erred in ruling that defendant's statement to the OSB was absolutely privileged. The Supreme Court held in *Ramstead v. Morgan*, 219 Or 383, 347 P2d 594 (1959), that statements made in a

---

[2] Plaintiff's claim for defamation also included allegations that defendant's allegedly defamatory statement placed him in a false light.

letter to the Grievance Committee of the OSB, if defamatory, were absolutely privileged. The court reiterated the well established rule that absolute immunity attaches to statements made by parties, witnesses or affiants during or incident to a judicial proceeding. 219 Or at 388. It then concluded that absolute immunity extends to statements made in, and papers made a part of, bar disciplinary proceedings, even if those proceedings are in a preliminary stage. 219 Or at 394. It also concluded that relevant statements made in a complaint designed to initiate bar disciplinary proceedings were likewise protected. 219 Or at 396.

■ Plaintiff argues that the alleged defamatory statement made by defendant was not relevant to the OSB investigation, because it was "wholly foreign" to the complaint lodged against defendant. The appropriate inquiry is whether there was "some relation" between defendant's statement and the OSB proceeding. *Chard v. Galton*, 277 Or 109, 115, 559 P2d 1280 (1977). The privilege embraces anything that may be relevant and pertinent, *McKinney v. Cooper*, 163 Or 512, 519, 98 P2d 711 (1940), and all doubt should be resolved in favor of its relevancy or pertinency. *Irwin v. Ashurst*, 158 Or 61, 70, 74 P2d 1127 (1938).

Here, the allegedly defamatory statement appeared in defendant's response to an OSB inquiry. Therefore, defendant was absolutely privileged to publish that statement, provided that it had some relation to the inquiry. Defendant's response asserted that several specialists could find no evidence that Greene had suffered brain damage from exposure to toxic fumes. The allegedly defamatory statement appeared in a sentence suggesting that only less qualified expert witnesses, including plaintiff, were available to testify on Greene's behalf. In context, that statement responds to Greene's complaint about the adequacy of defendant's representation. Because it was part of defendant's explanation of the adequacy of his representation, we conclude that the offending portion of defendant's statement had some relation to the OSB inquiry.[3]

---

[3] If a statement is absolutely privileged, we may not inquire into its accuracy or the intention or motivation of the maker of that statement. *See Ramstead v. Morgan, supra*, 219 Or at 387; *Irwin v. Ashurst, supra*, 158 Or at 70; *Duscosin v. Mott*, 49 Or App 369, 371, 619 P2d 678 (1980).

Plaintiff's remaining arguments and assignment of error do not require discussion.

Affirmed.