Barbara DAUVEN; et al., Plaintiffs—Appellants,

v.

State of OREGON; et al., Defendants—Appellees.

No. 01–35723.

D.C. No. CV–01–00173.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 12, 2002.[*]

Decided Aug. 15, 2002.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before SCHROEDER, Chief Judge, TASHIMA and RAWLINSON, Circuit Judges.

MEMORANDUM**

Barbara and Ted Dauven appeal pro se the district court's dismissal of their 42

** This disposition is not appropriate for publication and may not be cited to or by the

U.S.C. § 1983 action arising from a traffic citation and subsequent state court proceedings. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's dismissal, *see Wyler Summit P'ship v. Turner Broad. Sys. Inc.,* 135 F.3d 658, 661 (9th Cir.1998), and we affirm.

Dismissal was proper because, to the extent the Dauvens' claims would effectively require reversal of the judgment of the Washington County Justice Court, the claims are barred by *Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

The district court properly dismissed all claims for tort liability based on the state police officer's testimony about the circumstances of Barbara Dauven's traffic stop because that testimony was relevant to the state court's determination of whether Barbara Dauven committed a traffic infraction and thus the testimony was privileged. *See Leveque v. Paulson,* 126 Or.App. 12, 867 P.2d 516, 517 (1994) (explaining that the Oregon testimony privilege embraces any statement that may possibly be pertinent to the proceeding in which it is made).

The district court properly found that the Dauvens' claims against the State of Oregon are barred by the Eleventh Amendment. *See Edelman v. Jordan,* 415 U.S. 651, 663, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974).

The Dauvens' remaining contentions lack merit.

**AFFIRMED.**

courts of this circuit except as may be provided by 9th Circuit Rule 36–3.