Motion to dismiss appeal January 24, allowed February 1, 1956

# WALKER *v.* CLYDE ET UX
### 292 P. 2d 1083

*Edgar L. Martin* and *Beattie, Hibbard & Caldwell,* Oregon City, for the motion.

*Glenn R. Jack* and *Frank P. Santos,* Oregon City, contra.

LUSK, J.

This is a motion to dismiss the appeal based on the ground that the order appealed from is not an appealable order.

The action was for recovery of personal property or its value. On June 17, 1954, judgment was entered for the plaintiff, the appellant here, in the sum of $1987.50 and costs and disbursements. On May 3, 1955, the court, on motion of the defendants, the respondents here, supported by affidavits, vacated the judgment upon condition that certain expenses incurred by the appellant be paid by the respondents. It is from this order that the appeal has been taken.

The basis of the motion to vacate the judgment was that the respondents were not notified of the trial date, and that the judgment was taken against them through mistake, inadvertence or excusable neglect. Their affidavit showed that they had moved from Clackamas County, where the case was pending, and were living in California, and received no notice of the trial date from their attorney. The complaint was filed November 8, 1949, and the case had been at issue since September 21, 1950. The attorney whom they had retained appeared for them at the trial, but they themselves were not present, and no evidence was introduced on their behalf. All that their attorney did was to ask two questions on cross-examination of the sole witness

for the appellants. To all intents and purposes the case went by default. Neither respondent knew of the trial or of the judgment until about April 10, 1955, when they read a newspaper notice of sheriff's sale of their property in Clackamas County to satisfy such judgment.

We are not concerned here with the merits of the order vacating the judgment (*Taylor v. Taylor*, 61 Or 257, 263, 121 P 431, 121 P 964), but solely with the question whether it is an appealable order. The order purports to be made pursuant to ORS 18.160, which reads:

> "The court may, in its discretion, and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, decree, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect."

■ It is the established rule that where the court acts under this section and sets aside its former judgment the order is not final and therefore is not appealable. Such an order may be reviewed upon an appeal from a final judgment and not otherwise. *Cook v. Cook*, 167 Or 474, 477, 111 P2d 840, 118 P2d 1070; *Finch v. Pacific Reduction and Chemical Mfg. Co.*, 113 Or 670, 676, 234 P 296; *Carmichael v. Carmichael*, 101 Or 172, 199 P 385. The rule is different where the appeal is from an order refusing to vacate a judgment. *King v. Mitchell*, 188 Or 434, 214 P2d 993, 216 P2d 269; *Fretland v. Cantrall*, 78 Or 439, 153 P 479; *Hanthorn v. Oliver*, 32 Or 57, 51 P 440, 67 Am St Rep 518.

■ Counsel for the appellants do not dispute the authority of the Carmichael case, but contend that it is not controlling here for the reason, as stated in their

brief opposing the motion to dismiss, that the provisions of ORS 18.160 "are not applicable in a case where, such party has filed an Answer, notice of trial date was furnished to his counsel of record, his counsel was present at the trial and availed himself of the opportunity to cross-examine his adversary, and a trial was had." They argue that relief is obtainable under this section only where a default judgment is rendered for failure to file an answer. The statute, however, does not so read, and the decisions do not bear out this contention. Thus, in *Hanthorn v. Oliver,* supra, the defendant in an action for goods sold and money loaned did not appear at the trial because of an excusable mistake growing out of an honest misunderstanding as to the time of trial. The cause was tried and judgment was rendered against him. He moved to vacate the judgment, and the motion was denied, but on appeal this court reversed in an opinion by Mr. Justice ROBERT S. BEAN. The opinion cites decisions from California granting relief under similar circumstances. In *Fretland v. Cantrall,* supra, it was the plaintiff and his attorneys who, through mistake and excusable neglect, failed to appear for the trial. The defendant appeared, a jury was impaneled, the bailiff was called and sworn as a witness for defendant, and stated that he knew nothing about the case and, at the insistence of counsel, the court directed a verdict for defendants. The court denied a motion to vacate the judgment, and on appeal this court again reversed. We cite these cases, not for the purpose of showing that the court correctly exercised its discretion in making the order from which this appeal is attempted to be taken—as already stated, that question is not before us—, but because they sufficiently demonstrate that the scope of the relief allowable under ORS 18.160

is not so narrow as counsel for the appellants insist, and that, under a proper showing, the court is empowered to vacate a judgment where a defendant has lost the opportunity to make his defense at the trial through inadvertence, mistake or excusable neglect. In other jurisdictions, a similar construction is given to such statutes. 49 CJS 502, Judgments § 280; 34 CJ 299, Judgments § 518.

The instant case is to be distinguished from *Deering v. Quivey*, 26 Or 556, 38 P 710. There the defendants interposed a demurrer to the complaint which was overruled. The defendants refused to plead further or answer and judgment was rendered against them. The attorney for the defendants then prepared a notice of appeal to the Supreme Court, but, due to an error, the notice was not served, and it was not until the case was set for hearing in the Supreme Court and the time for taking an appeal had expired that the defendants' attorney discovered the omission, which, of course, was fatal. He then applied to the circuit court for an order vacating the judgment and permitting an answer to be filed. The term at which the judgment was rendered had expired, but the court allowed the motion and the plaintiffs appealed, and this court reversed. We said that the provisions of the statute are intended for the benefit of those who, by reason of any of the causes there assigned, have not had their day in court; but that the defendants had not lost this right because they had had an opportunity to plead to the complaint but voluntarily declined to do so.

We said further:

"* * * The court is authorized to vacate or annul its judgments after the term at which they were rendered only for causes which show that they

are unjust by reason of some facts not apparent to the court at the time they were rendered, or for want of jurisdiction over the parties."

Since the term had expired and the order was not one authorized by statute, it was a void order, and, therefore, appealable.

■ We think that the case now under consideration comes within the statute, and that the order, whether rightly or wrongly made, is not appealable. The motion to dismiss is, therefore, allowed.