Argued June 6, reversed September 8, petition for
rehearing denied October 5, 1972

MILTON J. WERSHOW CO., *Appellant, v.*
McVEETY MACHINERY COMPANY ET AL,
*Respondents.*

500 P2d 696

*Ted E. Runstein,* Portland, argued the cause for appellant.

*Thomas O. Carter,* Portland, argued the cause for respondents.

DENECKE, J.

Plaintiff brought this contract action which was settled before trial. As part of the settlement a default judgment was entered against the defendant McVeety Machinery Company (of Oregon). After the default judgment had been entered defendants' counsel recalled that McVeety Machinery Company had filed a bond discharging an attachment made by the plaintiff in

the action. The parties to the bond would be required to pay the amount of the bond in satisfaction of the judgment. For this reason the defendant company moved to set aside the default judgment upon the ground that it had been entered by mistake. The trial court set aside the judgment and the plaintiff appeals.

Defendants contend the order setting aside the default was not a final order and, therefore, not an appealable order. The plaintiff counters by asserting that the trial court was not authorized by statute to set aside the default judgment; that because the trial court lacked statutory authority it had no "jurisdiction" to act; and that orders made without jurisdiction are appealable.

A review of our decisions reveals that clarification of this point is necessary.

An order setting aside a judgment is ordinarily not final and, therefore, not appealable. *Walker v. Clyde,* 206 Or 322, 324, 292 P2d 1083 (1956). ORS 19.010 so provides, with some exceptions. Such an order is not final because after the judgment is set aside the controversy can be litigated and the outcome is uncertain. Efficient judicial administration also requires that such orders should not be appealable. This should be the rule whether the judgment is set aside pursuant to the authority granted by ORS 18.160① or pursuant to the inherent power of the court.

This court, however, developed an exception to this rule. In *Deering v. Quivey,* 26 Or 556, 38 P 710

---

① "The court may, in its discretion, and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, decree, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect."

(1895), the trial court vacated a default judgment after the term during which the judgment had been entered. This court held the trial court had no power to so order. The order was, therefore, void and we held that an appeal would lie to review a void order. *Trullenger v. Todd,* 5 Or 37 (1873), was cited in support of the proposition that such an order is reviewable. In that case a default judgment was entered against the defendant although no proper service was had upon the defendant. We held that an appeal would lie from the judgment because the court had no jurisdiction over the person of the defendant; therefore, the judgment was void and void judgments can be reviewed by appeal.

It is apparent that the circumstances in *Trullenger v. Todd,* supra (5 Or 37), were quite different than those in *Deering v. Quivey,* supra (26 Or 556); nevertheless, the principle announced in *Deering* that an order setting aside a default judgment was appealable if the trial court lacked authority to set aside the judgment continued to be followed. *Stites v. McGee,* 37 Or 574, 61 P 1129 (1900); *Wade v. Wade,* 92 Or 642, 176 P 192, 178 P 799, 182 P 136, 7 ALR 1143 (1919); *Carmichael v. Carmichael,* 101 Or 172, 199 P 385 (1921).

While the principle stated by *Deering v. Quivey,* supra (26 Or 556), has been reiterated in dicta, we have, in effect, abandoned the principle. For example: *Flynn v. Davidson,* 80 Or 502, 506, 155 P 197, 157 P 788 (1916), concerned the issue of whether the order setting aside the default judgment was appealable. We stated:

> "In the case at bar the court had jurisdiction of the parties and of the subject matter. It has been

frequently held that, if the court has jurisdiction of the parties and of the subject matter, the order is not void, although it may be erroneous: * * *." 80 Or at 506.

*Walker v. Clyde,* supra (206 Or 322), also involved the appealability of an order setting aside a judgment. The court stated:

"We think that the case now under consideration comes within the statute, and that the order, whether rightly or wrongly made, is not appealable. The motion to dismiss is, therefore, allowed." 206 Or at 327.

If the principle of *Deering v. Quivey,* supra (26 Or 556), were adhered to, an order "wrongly made" would be an order not authorized by statute and would, therefore, be appealable.

■ We are of the opinion that *Deering v. Quivey,* supra (26 Or 556), and its successors were wrongly decided and are contrary to ORS 19.010 and prejudicial to efficient judicial administration. An order setting aside a default judgment whether made "rightly or wrongly" is not appealable.

■ Despite this pronouncement plaintiff's appeal is not dismissed. Because of the contradictions in our prior decisions the appealability of the order in this case was uncertain. The substantive issue in this case has been briefed and orally argued; therefore, we will decide the substantive issue. We give prospective effect, only, to the rule that an order setting aside a default judgment is not appealable. *Smith v. Cooper,* 256 Or 485, 489, 475 P2d 78 (1970), held that while an order quashing service of summons was not appealable, we would apply such a rule prospectively and hear the appeal in that case.

■ Plaintiff contends that because the judgment was entered as part of an agreement of the parties the trial court erred in setting it aside. The evidence is that the parties, through their counsel, agreed that a judgment would be entered against the defendant John McVeety for $300; that defendant's counsel would withdraw as counsel for McVeety Machinery Company (of Oregon); that McVeety Machinery Company's answer would be stricken; and that plaintiff would be free to take a default judgment against McVeety Machinery Company. Plaintiff took the judgment. Apparently, plaintiff started to collect the judgment from the surety on the release of attachment bond and defendants' counsel learned that John McVeety was personally liable to the surety. Defendants' counsel moved to set aside the default judgment. Interpreting the evidence most favorably to defendants, counsel's mistake was that he did not recall the existence of the bond at the time his clients agreed to and he approved the settlement.

Recently, we announced the general rule on this issue to be:

" '* * * [T]hat an order, judgment, or decree, entered by the court upon the consent of the parties litigant, being in the nature of a contract to which the court has given its formal approval, cannot subsequently be opened, changed, or set aside without the assent of the parties, in the absence of fraud, mutual mistake, or actual absence of consent, and then only by an appropriate legal proceeding.' " *Westfall v. Wilson,* 255 Or 428, 431, 467 P2d 966 (1970).

The entry of the default judgment is, in effect, part performance of the contract. Moving to set aside the default is an attempt to rescind the contract. Con-

tracts, including contracts in which a part of the performance is entry of a judgment, can only be rescinded for certain limited reasons. As the above quotation states, fraud and mutual mistake are two grounds for rescission or vacating a judgment entered by consent. Neither are present here.

■ Viewing the evidence in the light most favorable to the defendants, we find that there was merely a unilateral mistake by defendants' counsel. In order for a unilateral mistake by one party to a contract to be a ground for rescission the mistake must actually or constructively be known to the other party to the contract. *G. E. Supply Corp. v. Republic Cons. Corp.,* 201 Or 690, 693, 272 P2d 201 (1954). There is no evidence that plaintiff knew or should have known that defendants or their counsel entered into the settlement agreement in ignorance of the existence of the release of attachment bond.[®]

■ ORS 18.160 provides that the trial court can relieve a party from a judgment entered into through "mistake" or "excusable neglect." This statute does not permit the trial court to relieve a party from a judgment entered into as a result of an agreed settlement which was entered into because of mistake of one party as to the effect of the judgment. *Stites v. McGee,* supra (37 Or 574).

Reversed.

---

[®] Stites v. McGee, 37 Or 574, 61 P 1129 (1900), held that a consent judgment could not be vacated on an ex parte motion although the judgment may have been entered into because of mutual mistake. The court stated that if mutual mistake were the ground, the judgment could only be set aside "by an original bill." 37 Or at 577. We need not decide whether that procedure remains necessary.