Submitted on record and brief September 20, reversed and remanded
November 13, 1996

## Brian C. McCARVILL,
*Appellant,*

*v.*

## Michelle Rene McCARVILL,
## aka Michelle Smith,
*Respondent.*

## (16-95-09280; CA A92501)

927 P2d 115

Brian C. McCarvill submitted the brief *pro se*.

No appearance for respondent.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

EDMONDS, J.

**EDMONDS, J.**

Plaintiff appeals from a judgment of dismissal for want of prosecution. We reverse and remand.

On October 5, 1995, plaintiff filed a complaint for damages against defendant for slander *per se*. The complaint alleged that defendant made false "unfounded and unrelated outrageous allegations into the public court record" during plaintiff's sentencing hearing and that the statements were not privileged because they were not elements of the judicial proceeding taking place. On November 29, 1995, plaintiff filed a "Motion for Entry of Order of Default; Order." Pursuant to ORCP 69 A, plaintiff moved that the trial court

"enter an order of Default * * * against Defendant, Michelle Rene McCarvill, service was made upon Defendant by Lane County Sheriffs Department personnel on October 17, 1995. Defendant has failed to answer the complaint or give notice of intent to answer the complaint."

The trial court granted the motion.[1]

On February 12, 1996, the trial court issued plaintiff a "Notice of Pending Dismissal Housecleaning as to Michelle Rene McCarvill." Plaintiff then sent to the trial court a proposed "Default Judgment" and "Plaintiff's Affidavit in Support of Judgment and Memorandum of Law." The trial court reviewed plaintiff's documents and refused to sign the default judgment on February 29, 1996.[2] The trial court then issued a "Judgment of Dismissal Housecleaning as to Michelle Rene McCarvill" 14 days later. Plaintiff appeals the judgment of dismissal.

We assume that all the facts alleged in the complaint are true for purposes of this appeal. *Glubka v. Long*, 115 Or App 236, 238, 837 P2d 553 (1992). He alleges that defendant made an untrue statement in open court that plaintiff "murdered" or otherwise "killed" an ex-girlfriend. In addition, he

---

[1] The various court actions in this case were performed by different judges.

[2] The court's letter to plaintiff denying his request to execute the default judgment says, in part, "Upon review of the affidavit, the court has determined that it cannot sign the default judgment as you have requested." The letter offered no explanation as to the reason for the refusal.

alleges that the statements were not pertinent to the issues pending before the court.[3] *See Durr v. Kelleher*, 54 Or App 965, 967, 636 P2d 1015 (1981) (holding that although statements made in a judicial proceeding are privileged, such "privilege may be overcome by demonstrating that the defamatory statement is irrelevant to the *subject matter* of the proceeding in connection with which the communication was made"). Thus, the issue is whether the trial court exceeded its authority in dismissing the complaint for want of prosecution after an order of default was entered on the complaint.

Although it is not clear from the record, it appears that the trial court relied on Uniform Trial Court Rule (UTCR) 7.020 as its authority to dismiss the case for want of prosecution. UTCR 7.020(3)(a) provides, in pertinent part:

"If proof of service has been filed and any defendant has not appeared by the 91st day from the filing of the complaint, the case shall be deemed not at issue and written notice shall be given to the plaintiff that the case will be dismissed against each nonappearing defendant for want of prosecution 28 days from the date of mailing of the notice unless one of the following occurs:

"(a) An order of default has been filed and entry of judgment has been applied for."

In this case, the trial court issued its notice to the plaintiff approximately 130 days after the complaint had been filed. The notice states that plaintiff had 28 days to respond. However, under UTCR 7.020(3)(a), the trial court is not authorized to dismiss the case for want of prosecution if "[a]n order of default has been filed and entry of judgment has been applied for." In this case, an order for default had already been filed, and plaintiff had applied for a default judgment, which the court had rejected for unspecified reasons. It follows that plaintiff could be entitled to a judgment in the event that the defect in the affidavit in support of the proposed judgment could be remedied. In effect, plaintiff never had that opportunity, and his complaint was dismissed

---

[3] The complaint appears to allege facts inconsistent with this allegation. Paragraph 1 alleges that defendant was offered the opportunity to make a statement concerning the plaintiff and the pending court action.

without further notice. When a trial court purports to act under the UTCRs, it must follow them. *See Francke v. Gable*, 121 Or App 17, 20, 853 P2d 1366 (1993) (holding that a court apparently acting under UTCR 7.020 may not raise defenses on its own and then dismiss the complaint on the basis of its determination of the defenses). Thus, the trial court erred when it purported to exercise its authority under UTCR 7.020(3) to dismiss plaintiff's complaint for want of prosecution while entry of judgment was pending.[4]

Reversed and remanded.

---

[4] We do not decide whether the trial court could properly dismiss the case because plaintiff's evidence does not support his allegations. The dismissal was for want of prosecution only.