Argued and submitted January 13, order denying motion to dismiss appeal vacated; motion to dismiss granted; appeal dismissed October 12, 2005

In the Matter of the Marriage of

James Douglas HOUSLEY,
*Appellant,*

*and*

Dawn Marie HOUSLEY,
*Respondent.*

02-3108; A122691

120 P3d 1245

Thomas A. Bittner argued the cause for appellant. With him on the brief were Bradley E. Sands and Schulte, Anderson, Downes, Aronson & Bittner, P.C.

No appearance for respondent.

Before Linder, Presiding Judge, and Rosenblum* and Haselton,** Judges.

ROSENBLUM, J.

* Rosenblum, J., *vice* Ortega, J.

** Haselton, J., *vice* Ceniceros, S. J.

## ROSENBLUM, J.

In this dissolution of marriage proceeding, husband appeals an order granting wife's motion to set aside the judgment of dissolution, which was entered after wife failed to appear for trial. The trial court, in setting aside the judgment pursuant to ORCP 71 B(1)(a), found "excusable neglect" on wife's part.

Wife has moved to dismiss the appeal, asserting that the trial court's order is not an appealable order. We initially denied the motion, but we now reconsider our earlier ruling and conclude that the trial court's order is not appealable under ORS 19.205 (2001), *amended by* Or Laws 2003, ch 576, § 85.[1] Our conclusion is compelled by *Walker v. Clyde et ux*, 206 Or 322, 292 P2d 1083 (1956), in which the Supreme Court held that an order materially indistinguishable from the one in this case was not appealable under *former* ORS 19.010 (1953), *renumbered as* ORS 19.205 (1997).[2]

The facts in *Walker* are similar to those here. The plaintiff in that case obtained a favorable judgment after the defendants failed to appear for trial. The defendants sought to have the judgment set aside on the ground of excusable neglect under the predecessor to ORCP 71 B, *former* ORS 18.160 (1953), *repealed by* Or Laws 1981, ch 898, § 53. They

---

[1] The order in this case was entered on September 9, 2003, before the effective date of the 2003 amendments to ORS 19.205. ORS 19.205 (2001) provided, in part:

"(1) A judgment or decree may be reviewed on appeal as prescribed in this chapter.

"(2) For the purpose of being reviewed on appeal the following shall be deemed a judgment or decree:

"(a) An order affecting a substantial right, and which in effect determines the action or suit so as to prevent a judgment or decree therein.

"(b) An interlocutory decree in a suit for the partition of real property, defining the rights of the parties to the suit and directing sale or partition.

"(c) A final order affecting a substantial right, and made in a proceeding after judgment or decree.

"(d) An order setting aside a judgment and granting a new trial.

"(e) A final judgment or decree entered in accordance with ORCP 67 B."

[2] The relevant provisions of *former* ORS 19.010 are not materially different from those in ORS 19.205 (2001).

asserted that, after they had answered the plaintiff's complaint, they had moved to California and their attorney had neglected to inform them of the trial date. The trial court agreed that the judgment had been entered as a result of excusable neglect and granted the defendants' motion to vacate the judgment. The plaintiff appealed.

The Supreme Court held that the order was not appealable. Although the court did not discuss the individual provisions of *former* ORS 19.010, it implicitly determined that the order was neither "a final order affecting a substantial right" under paragraph (c) nor one "setting aside a judgment and granting a new trial" under paragraph (d). The court explained that "[i]t is the established rule that where the court acts under [the predecessor to ORCP 71] and sets aside its former judgment the order is not final and therefore is not appealable." *Walker*, 206 Or at 324; *see also Carmichael v. Carmichael*, 101 Or 172, 181, 199 P 385 (1921) (order setting aside dissolution judgment under predecessor to ORCP 71 B not final and therefore not appealable); *Wershow v. McVeety Machinery*, 263 Or 97, 101, 500 P2d 696 (1972) (order setting aside a default judgment not appealable); *Lorentz Bruun Company, Inc. v. Execulodge Corp.*, 313 Or 600, 605-06, 835 P2d 901 (1992) (order granting ORCP 71 B(1)(a) motion to set aside judgment entered *ex parte* on a confession of judgment not appealable).

The court went on to hold that an order granting relief from judgment under that section is not appealable regardless of whether the former judgment was entered as a result of default or after a party failed to appear at a trial on the merits. *Walker*, 206 Or at 325. We understand the Supreme Court's discussion of that point to hold that the order was not appealable as either a "final order affecting a substantial right" or as an order "setting aside a judgment and granting a new trial." *See Donahoo v. Zacharias*, 85 Or App 551, 552, 737 P2d 1250 (1987) (although Supreme Court's decision in *Wershow* did not discuss each provision of *former* ORS 19.010, the language of the opinion indicated that an order setting aside a default judgment is not appealable as either a "final order affecting a substantial right" or as an order "setting aside a judgment and granting a new trial").

The order at issue here is not materially distinguishable from the order in *Walker*; it set aside the former judgment entered after wife failed to appear at a trial on the merits. It is therefore not appealable under any provision of ORS 19.205 (2001).

Husband does not contend that an order granting an ORCP 71 B(1)(a) motion is appealable. Instead, he asserts that wife's motion—and the order granting it—was, in effect, made under ORCP 64, and is therefore appealable under ORS 19.205(2)(d) (2001) as an order "setting aside a judgment and granting a new trial."[3] In support of his argument, he relies on *Carter v. U. S. National Bank*, 304 Or 538, 747 P2d 980 (1987), *State ex rel State Farm Mutual Auto. Ins. Co. v. Olsen*, 285 Or 179, 590 P2d 231 (1979), *Cooley v. Roman*, 286 Or 807, 596 P2d 565 (1979), and *Employee Benefits Ins. v. Grill*, 300 Or 587, 715 P2d 491 (1986). Husband asserts that those cases stand for the proposition that a motion, even if appropriately made pursuant to ORCP 71, should nevertheless be construed as an ORCP 64 motion if the motion seeks to have the court reconsider any issue of fact. We do not share husband's understanding of those cases.

In the first three cases, the motions at issue were motions "to reconsider" and "set aside" summary judgments. The Supreme Court grappled with how to treat those motions because a "motion to reconsider" appears neither in the Oregon Rules of Civil Procedure nor in any other Oregon statute. *See Carter*, 304 Or at 546 (Peterson, C. J., concurring) (suggesting that such a motion is better denominated as a "motion asking for trouble"). Having no other identifiable legal pigeonhole in which to place the motions, the Supreme Court concluded that the motions were properly treated as motions for a new trial where they conformed to the requirements of ORCP 64.

In the fourth case, *Employee Benefits Ins.*, the Supreme Court relied on *Cooley* in holding that a motion to set aside a summary judgment was properly treated as a motion for a new trial, even though the motion cited ORCP

---

[3] An order "granting a new trial" can be made only pursuant to ORCP 64. *United Adjusters, Inc. v. Shaylor*, 77 Or App 510, 511, 713 P2d 687, *rev den*, 301 Or 241 (1986).

71. Although the court's reasoning was not explicit in its short memorandum opinion, it apparently determined that the substance of the motion—which was based on newly discovered evidence, a ground for a new trial motion under ORCP 64—was identical to the substance of the motion in *Cooley* and was therefore properly treated as a motion for a new trial.

Such is not the case here. In this case, there is no need for us to search for a legal pigeonhole in which to place the motion because the motion here was, in both form and substance, an ORCP 71 B(1)(a) motion. Unlike the motions in those other cases, the motion here did not fit the criteria for an ORCP 64 motion for a new trial; the motion here was based on the ground of excusable neglect, which is a ground for relief under ORCP 71 B(1)(a) but not under ORCP 64. The substance of the motion therefore fell under ORCP 71 B. The motion also conformed to the procedural requirements of ORCP 71 B: it was filed in a timely manner within one year of entry of judgment, as the rule requires.

Moreover, both the parties and the trial court treated the motion as one under ORCP 71 B(1)(a). Husband never contended before the trial court that wife's motion was, in essence, an ORCP 64 motion for a new trial. Instead, husband referred to wife's motion as an ORCP 71 motion and argued that wife was not entitled to relief under that rule because she had not proved excusable neglect. Wife argued that she had met her burden under ORCP 71 B(1)(a), and the trial court agreed, specifically finding that the judgment should be set aside on the basis of "excusable neglect" as urged by wife's motion.

In short, wife's motion complied with ORCP 71 B in all respects, and we see no reason to treat it as a mislabeled ORCP 64 motion. Thus, we conclude that the trial court's order granting wife's motion was made pursuant to ORCP 71 B(1)(a) and, under these circumstances, should not be construed otherwise. As such, it is not appealable.[4] Therefore, on

---

[4] We take note of a previous decision of this court in which a similar motion was brought. In *Owens and Owens*, 182 Or App 473, 49 P3d 111 (2002), the trial court granted the husband's ORCP 71 B motion after he failed to appear at trial, and the wife appealed from the order. Neither of the parties brought the issue of

our own motion, we dismiss the appeal. *See State ex rel Juv. Dept. v. M. T.*, 321 Or 419, 423, 899 P2d 1192 (1995) (appellate courts have independent duty to examine jurisdiction).

Order denying motion to dismiss appeal vacated; motion to dismiss granted; appeal dismissed.

---

appealability to this court's attention, and we did not address it. Instead, we reviewed the order and ultimately affirmed it.