On respondent's motions to dismiss filed November 17, 2006, and January 19, motions to dismiss appeal denied May 9, 2007

Keya BHATTACHARYYA,
*Petitioner-Appellant,*

*v.*

CITY OF TIGARD,
*Respondent-Respondent.*

Washington County Circuit Court
C032201CV; A133675

159 P3d 320

Larry J. Blake, Jr., for respondent.

Martin M. Fisher and Case & Dusterhoff, LLP, *contra*.

Before Wollheim, Presiding Judge, and Schuman and Rosenblum, Judges.

WOLLHEIM, P. J.

## WOLLHEIM, P. J.

In this writ of review proceeding, petitioner appeals from a 2006 order that set aside two 2004 judgments, but did not order a new trial. We ordered petitioner to show cause why the order was appealable. Respondent City of Tigard (the city) moved to dismiss the appeal. After petitioner responded to our order to show cause, the city filed a second motion to dismiss the appeal.[1] We hold that the 2006 order is appealable because it was made after a general judgment was entered and it affects a substantial right, ORS 19.205(3), and we deny the motions to dismiss this appeal.

The pertinent facts here are procedural. Petitioner was cited by the city for a building code violation. After the municipal court upheld the violation, petitioner filed a petition for writ of review in Washington County Circuit Court. A hearing was set for January 30, 2004, at which time all parties were required to appear. When petitioner failed to appear at the hearing and failed to respond to the court's 28-day notice, a "GENERAL JUDGMENT OF DISMISSAL PURSUANT TO UTCR 7.020" was signed by Judge McElligott on March 2, 2004 (McElligott judgment), and was entered administratively in the trial court register on March 4, 2004. The McElligott judgment did not award any attorney fees against petitioner. The register shows that a "notice of entry of judgment-not docketed" was sent to the parties on March 4, 2004, although the notice itself bears the date March 5, 2004. The trial court register shows that the case was "closed" on March 4, 2004.

It appears that, in the meantime, the city had submitted its proposed "GENERAL JUDGMENT AND ORDER" some time in February 2004, based on the date of the city's cover letter. That form of judgment included an award of attorney fees and costs against petitioner. Although the trial court register shows that that judgment was signed by Judge Hernandez on March 5, 2004 (Hernandez judgment), and filed on March 9, 2004, the register does not show that the

---

[1] Respondent relied on ORCP 21 A(8), which applies generally to the circuit courts and not the appellate courts. ORCP 1 A.

Hernandez judgment was entered around that time. None-theless, a "notice of entry of judgment-not docketed" was sent by the trial court to the parties on March 11, 2004, stating that the judgment had been entered in the register on March 9, 2004. However, that notice of entry of judgment does not appear as an entry in the trial court register. Accord-ing to the register, the next event was an "affidavit in support of [the city]'s request for attorney fees," which was filed on March 9, 2004.

Apparently, nothing further happened in the case for almost two years. On February 9, 2006, the Hernandez judgment was "re-entered" in the register. According to the register, no motion was filed to cause that judgment to be entered. A notice of entry in the register of the Hernandez judgment was sent to the parties on February 9, 2006. Peti-tioner filed a notice of appeal in the Court of Appeals from that judgment on March 15, 2006.[2]

In April 2006, petitioner filed a motion to set aside the Hernandez judgment as void, relying on ORCP 71 B(1)(d).[3] In response, the city filed a motion for declaratory judgment, seeking a declaration that the McElligott judg-ment was "null, void and unenforceable due to judicial error."[4] Thus, one party or the other was requesting that the court set aside both 2004 judgments.

A hearing on both motions was held before Judge Gardner. An order granting both motions was entered on September 13, 2006 (Gardner order). The Gardner order pro-vided, in part:

---

[2] That appeal was subsequently dismissed on the petitioner's request.

[3] The record does not establish when petitioner's motion was filed, but the mat-ter was set for hearing.

[4] Purportedly in response to the trial court's inquiry whether there was any basis for asking the court for relief from a UTCR 7.020 judgment of dismissal more than one year from entry, the city filed a "supplemental hearing memorandum." In that memorandum, it argued that *McCarvill v. McCarvill*, 144 Or App 437, 441, 927 P2d 115 (1996) (holding that the "trial court erred when it purported to exer-cise its authority under UTCR 7.020(3) to dismiss plaintiff's complaint for want of prosecution while entry of judgment was pending") was dispositive. Whether the facts and holding in *McCarvill* support respondent's motion is a matter for deter-mination on the merits; the city's supplemental memorandum did not cite ORCP 71 A, the basis on which the trial court granted respondent's motion.

"1.    [The city]'s Motion to Set Aside the Judgment of Dismissal, signed March 2, 2004 by Judge McElligott, is granted pursuant to ORCP 71 (A).

"2.    Petitioner's Motion to Set Aside the General Judgment, signed March 5, 2004 by Judge Hernandez is granted pursuant to ORCP 71 (B)(1)(d)."

Petitioner appealed from the order setting aside the McElligott and Hernandez judgments. We ordered petitioner to show cause why the challenged order was appealable, and, upon receipt of petitioner's response, ordered the city to file a response. Petitioner argues that the order is appealable under ORS 19.205(3), which provides:

"An order that is made in the action after a general judgment is entered and that affects a substantial right, including an order granting a new trial, may be appealed in the same manner as provided in this chapter for judgments."[5]

Petitioner asserts that ORS 19.205(3) allows review of any order that follows entry of judgment and affects a substantial right, *regardless of whether the order grants a new trial*.

In response, the city, again, moved to dismiss the appeal because "the Order entered on August 29, 2006, is not a final judgment as defined by ORS 18.005 and, therefore, is not subject to appeal." The city's reliance on ORS 18.005, which defines the various types of judgments, and reference to the lack of a "final" judgment are misplaced because ORS 18.005, a section added by Oregon Laws 2003, chapter 576, does not address when or whether an order, as opposed to a judgment, may be appealable under ORS 19.205.

By contrast, we agree with petitioner's reliance on ORS 19.205(3). The Gardner order setting aside the

---

[5] Prior to 2003, all versions of ORS 19.205 required that, in order to be appealable, an order entered after judgment had to be a *final* order, unless it set aside a judgment *and* granted a new trial. For example, the relevant portions of *former* ORS 19.205(2) (2001), *amended by* Or Laws 2003, ch 576, § 85, provided, in part:

"For the purpose of being reviewed on appeal the following shall be deemed a judgment or decree:

"* * * * *

"(c) A final order affecting a substantial right, and made in a proceeding after judgment or decree.

"(d) An order setting aside a judgment and granting a new trial."

McElligott and Hernandez judgments was made after entry of the general judgment of dismissal, thus satisfying the first requirement in ORS 19.205(3). In addition, the Gardner order affects a substantial right because, as petitioner contends, vacating the McElligott judgment exposed petitioner to further litigation, additional costs, and attorney fees. In *Galfano v. KTVL-TV*, 196 Or App 425, 437-38, 102 P3d 766 (2004), we interpreted the phrase "that affects a substantial right of a party" contained in ORS 18.005(15), which defines a supplemental judgment. We cited the *Black's Law Dictionary* definition of a right, which provides that a right is " 'something that is due to a person by just claim, legal guarantee, or moral principle * * *. *Black's Law Dictionary* 1347 (8th ed 2004).' " *Id.* We concluded that if a party has a right to attorney fees under ORCP 68, then a supplemental judgment that awarded attorney fees affects a substantial right of a party.[6]

By analogy, setting aside the judgment approximately two years after it had been entered exposed petitioner to the expense of further litigation and the potential award of attorney fees, thereby affecting a substantial right. *See also Dougherty v. Gelco Express Corp.*, 79 Or App 490, 719 P2d 906 (1986) (order that merely reduced the amount of a judgment affected a substantial right for purposes of appeal under *former* ORS 19.010(2)(c), the former version of ORS 19.205(3)).

Under the earlier version, *former* ORS 19.205(2)(c), in order to be appealable, any order following judgment and affecting a substantial right had to be a *final* order, *unless* it was "an order setting aside a judgment *and* granting a new trial," which was appealable separately under *former* ORS 19.205(2)(d). There is a long line of cases based on that former version of ORS 19.205, holding that orders setting aside former judgments, but *not* granting a new trial, are not

---

[6] Two principles of statutory interpretation assist us here: (1) the use of the same phrase in related statutes is context for interpreting the statute at issue, and (2) the use of the same phrase in related statutes indicates that the legislature intended that the phrase have the same meaning. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 611, 859 P2d 1143 (1993). We conclude that the legislature intended the phrase "affects a substantial right" contained in ORS 19.205(3) to have the same meaning as the comparable phrase in ORS 18.005(15).

appealable because they are not *final* orders. *See, e.g., Lorentz Bruun Company, Inc. v. Execulodge Corp.*, 313 Or 600, 605-06, 835 P2d 901 (1992) (order setting aside the *ex parte* judgment pursuant to ORCP 71 B did not foreclose plaintiff from seeking judgment at a trial, and was therefore not final and appealable); *Wershow v. McVeety Machinery*, 263 Or 97, 99, 500 P2d 696 (1972) ("An order setting aside a judgment is ordinarily not final, therefore, not appealable."); *Walker v. Clyde et ux*, 206 Or 322, 324, 292 P2d 1083 (1956) (when the court "sets aside its former judgment the order is not final and therefore is not appealable"); *Housley and Housley*, 202 Or App 182, 186, 120 P3d 1245 (2005) (order setting aside former judgment "not appealable under any provision of [*former*] ORS 19.205 (2001)"). In each of those cases, the court held that the order was not final because it simply paved the way for entry of the final judgment, which would then be the appealable document.

However, all of those cases have now been legislatively overruled by the 2003 amendments to ORS 19.205. ORS 19.205(3) no longer requires that an order entered after judgment and affecting a substantial right be *final*. Instead, subsection (3) simply requires that the order be made in the action after entry of the general judgment and affect a substantial right. Under the first level of analysis in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-11, 859 P2d 1143 (1993), the court must start with the text of the statutory provision itself, and must not insert what has been omitted. The legislature's omission of "final" from ORS 19.205(3) establishes its intent to make all orders entered after a general judgment appealable so long as the order affects a substantial right. The Gardner order challenged here is such an order, and this court has jurisdiction of petitioner's appeal from the Gardner order setting aside the McElligott and Hernandez judgments.

Motions to dismiss appeal denied.