Argued and submitted January 26, affirmed May 23, 2007

Gary BISACCIO,
*Plaintiff-Respondent,*

*v.*

David L. HART,
*Defendant-Appellant.*

Multnomah County Circuit Court
990302656; A129179

159 P3d 1179

Stuart M. Brown argued the cause for appellant. With him on the briefs was Gordon & Rees, LLP.

Gino Pieretti argued the cause and filed the brief for respondent.

Before Landau, Presiding Judge, and Armstrong and Ortega, Judges.

ARMSTRONG, J.

## ARMSTRONG, J.

Defendant appeals a general judgment entered by the trial court in June 2005 on a 2002 arbitration award. Although this case has followed a circuitous path through the halls of the Multnomah County Courthouse, from the initial filing of the complaint to the entry of the arbitration award as a judgment,[1] we conclude that the trial court did not err in entering the judgment and affirm.

This case began with the filing of a claim by plaintiff in March 1999 for unpaid attorney fees. In July 1999, the court transferred the case to mandatory court-annexed arbitration under ORS 36.425, but the parties subsequently agreed to binding arbitration, under *former* ORS 36.300 to 36.365.[2] Notwithstanding defendant's assertions to the contrary, the record shows that, in October 1999, plaintiff notified the court that the parties had agreed to binding arbitration and requested abatement of the underlying action pending arbitration, pursuant to *former* ORS 36.315. The case was placed on inactive status and subsequently dismissed several times and then reinstated at plaintiff's request pending arbitration.

On August 28, 2002, the arbitrator found in favor of plaintiff and awarded plaintiff damages and attorney fees, and submitted the award for filing in Multnomah County Circuit Court under the original case number, on a form used by the court for court-annexed arbitration. On September 3, 2002, the circuit court, entered the arbitration award. The court apparently processed the award as if the arbitration had been conducted as a court-annexed arbitration.

Defendant does not dispute that the parties had agreed to binding arbitration. However, defendant did not

---

[1] No fewer than seven circuit court judges have issued rulings in this case during its convoluted course.

[2] There are separate procedures for mandatory, court-annexed arbitration, ORS 36.400 to 36.425, and "binding" arbitration, *former* ORS 36.300 to 36.365, referred to collectively as the "Oregon Arbitration Act." *Former* ORS 36.300 to 36.365 were repealed in 2003, at the same time that the Oregon Uniform Arbitration Act, ORS 36.600 to 36.740, was enacted. Or Laws 2003, ch 598. The arbitration in the present case occurred before the Oregon Uniform Arbitration Act went into effect.

file exceptions to the award under *former* ORS 36.355. Instead, viewing the arbitration award as having been made in the context of court-annexed arbitration, defendant filed an appeal in circuit court under ORS 36.425(2)(a), seeking a *de novo* trial. Plaintiff did not appear at trial and, in November 2002, Judge Amiton entered judgment dismissing plaintiff's complaint and awarding attorney fees to defendant.

Plaintiff filed a motion under ORCP 71 B(1)(a)[3] to set aside the judgment entered by Judge Amiton. In June 2003, Judge Johnson granted plaintiff's motion, finding that plaintiff's failure to appear at the hearing before Judge Amiton was excusable neglect under ORCP 71. Judge Johnson also took evidence in the form of testimony from the arbitrator and found that, despite the possible erroneous entry of the arbitration award as a court-annexed arbitration award, the arbitration was, by express agreement of the parties, final and binding. As an additional ground for relief under ORCP 71, Judge Johnson ruled that the circuit court lacked jurisdiction to consider defendant's appeal of the arbitration award. Judge Johnson directed plaintiff to "see that the final arbitration award by Judge Kalberer is served and entered as a final and binding arbitration award." The court's order also provided that defendant would have 20 days from being served "in accordance with [*former*] ORS 36.350 to file exceptions to the award pursuant to [*former*] ORS 36.355."

In May 2005, plaintiff again filed the 2002 arbitration award in Multnomah County Circuit Court. Defendant filed exceptions, which the circuit court, Judge Koch, rejected, and the court entered the judgment on the award. Defendant appeals, assigning error to the entry of the general judgment on the arbitration award, as well as to Judge Johnson's June 2003 order setting aside the default judgment.

We first consider defendant's contention that Judge Johnson erred in granting relief from the judgment entered

---

[3] ORCP 71 B(1) provides, in part:

"On motion and upon such terms as are just, the court may relieve a party or such party's legal representative from a judgment for the following reasons: (a) mistake, inadvertence, surprise, or excusable neglect[.]"

by Judge Amiton under ORCP 71 B(1). We review a trial court's decision to set aside an earlier judgment under ORCP 71 for an abuse of discretion. *See, e.g., Owens and Owens*, 182 Or App 473, 477, 49 P3d 111 (2002). ORCP 71 B is "predicated on the underlying policy that defaulted parties are entitled to have their day in court, when it can be done without doing violence to the regular disposition of litigation." *National Mortgage Co. v. Robert C. Wyatt, Inc.*, 173 Or App 16, 23-24, 20 P3d 216, *rev den*, 332 Or 430 (2001). Thus, ORCP 71 B is to be liberally construed to accomplish that goal. *Wood v. James W. Fowler Co.*, 168 Or App 308, 312, 7 P3d 577 (2000). As the Supreme Court explained in *Hiatt v. Congoleum Industries*, 279 Or 569, 579, 569 P2d 567 (1977) (quoting *Wagar v. Prudential Ins. Co.*, 276 Or 827, 833, 556 P2d 658 (1976)), " ' "[o]rdinarily, if [a movant] presents reasonable grounds excusing his default, the courts are liberal in granting relief." ' " We have reviewed the record and conclude that Judge Johnson did not abuse her discretion in concluding that the judgment should be set aside under ORCP 71 B(1) on the ground of excusable neglect.

Defendant contends that Judge Koch's entry of the general judgment on the arbitration award should be overturned because plaintiff's request for entry of that award was untimely and was not filed in the proper form, as it did not attach a copy of the arbitration agreement. Additionally, citing ORCP 15 B(2),[4] defendant contends that the judgment is invalid because plaintiff failed to file the arbitration award within 10 days of Judge Johnson's order. Defendant further contends that the arbitrator lacked "jurisdiction" to award plaintiff attorney fees.

■     *Former* ORS 36.350(1) provided:

"The award of the arbitrators, together with the written agreement to submit, shall be delivered to the clerk of the circuit court selected to render judgment on the award. After charging and collecting a fee of $35 therefor, the clerk shall enter the same of record in the office of the clerk. A

---

[4] ORCP 15 B(2) provides:

"If the Court grants a motion and an amended pleading is allowed or required, such pleading shall be filed within 10 days after service of the Order, unless the Order otherwise directs."

> copy of the award, signed by the arbitrators, or a majority of them shall also be served upon or delivered to each of the parties interested in the award, and proof of such service or delivery shall be filed with the clerk. If no exceptions are filed against the same within 20 days after such service, judgment shall be entered as upon the verdict of a jury, and execution may be had upon the award with like effect as upon a verdict in a civil action."

It is possible that defendant is correct that plaintiff's submission of the award was not in strict compliance with *former* ORS 36.350, because it did not include the written agreement to submit the case to arbitration. Defendant does not explain why that alleged defect provides a basis for rejecting the award itself, however. As to the timeliness of the filing of the award, defendant acknowledges that *former* ORS 36.350 did not provide a time limit within which an arbitration award had to be delivered to the court. However, he contends that, because the filing of the arbitration award was required by court order, it should be treated as the filing of an amended pleading under ORCP 15 B(2), and should have been filed within 10 days of the order, unless otherwise directed. We reject the analogy. The arbitration award was not amended, and it also was not a "pleading," as the term is used in ORCP 15 B(2).

Finally, defendant contends that the arbitrator lacked "jurisdiction" to award attorney fees. The grounds for exceptions to an award on binding arbitration under the *former* Oregon Arbitration Act are quite limited:

> "(1) Within the period specified in ORS 36.350, the party against whom an award was made may file with the circuit court exceptions in writing to the award for any of the following causes:

> "(a) The award was procured by corruption, fraud or undue means.

> "(b) There was evident partiality or corruption on the part of the arbitrators, or any of them.

> "(c) The arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the

controversy; or any other misbehavior by which the rights of any party were prejudiced.

"(d) The arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made.

"(e) There was an evident material miscalculation of figures or an evident material mistake not affecting the merits of the decision upon the matters submitted.

"(f) The arbitrators awarded upon a matter not submitted to them, unless it was a matter not affecting the merits of the decision upon the matters submitted.

"(g) The award was imperfect in matter of form not affecting the merits of the controversy."

*Former* ORS 36.355(4). Defendant argues that the arbitrator exceeded his authority in awarding plaintiff attorney fees, *former* ORS 36.355(4)(d), because the fee agreement between plaintiff and defendant under which the initial complaint was filed provided for attorney fees only to "the prevailing party * * * against the losing party in all courts" and did not authorize fees in an arbitration. Defendant further contends that the arbitrator made an award on a matter not submitted, *former* ORS 36.355(1)(f), because the arbitration agreement itself did not mention attorney fees.

The extent of an arbitrator's authority is a question of law, *Native Sun v. L & H Development, Inc.*, 149 Or App 623, 627, 944 P2d 995 (1997), *rev den*, 327 Or 82 (1998), as is the interpretation of the fee and arbitration agreements for the purpose of determining whether they provide plaintiff with a right to attorney fees for prevailing on the arbitration. As the Supreme Court stated in *Brewer v. Allstate Insurance Co.*, 248 Or 558, 561, 436 P2d 547 (1968), arbitrators act within their authority "not only when [they decide] a question of law correctly according to judicial standards, but also when [they apply] the law in a manner which a court would regard as erroneous." The court also stated in *Brewer*, 248 Or at 562-63, that judicial intervention is appropriate only when an arbitrator's decision is "so grossly erroneous as to strike at the heart of the decision-making process." This is not such an error, and we conclude that whether the arbitrator correctly

decided that plaintiff is entitled to attorney fees is not subject to our review.

Affirmed.