Argued and submitted January 15, defendant's motion to dismiss denied; affirmed
July 9, petition for review denied September 12, 2008 (345 Or 301)

## MARY EBEL JOHNSON, P.C.,
an Oregon professional corporation
and Mary W. Johnson,
*Plaintiffs-Appellants,*

*v.*

## Susan ELMORE,
*Defendant-Respondent.*

## Clackamas County Circuit Court
CV05050042; A130043

189 P3d 35

Mary W. Johnson argued the cause for appellants. With her on the briefs was Mary Ebel Johnson, P.C.

James C. Tait argued the cause for respondent. With him on the brief was Tait & Associates, P.C.

Before Armstrong, Presiding Judge, and Rosenblum, Judge, and Carson, Senior Judge.

ARMSTRONG, P. J.

## ARMSTRONG, J.

In this action for unpaid attorney fees, plaintiff[1] appeals from the trial court's order granting defendant's motion to set aside a default judgment. Defendant has filed a motion to dismiss the appeal for lack of jurisdiction. We conclude that the trial court's order is appealable and affirm.

Plaintiff filed this action seeking collection of approximately $15,500 in unpaid attorney fees. Defendant did not file an answer within 30 days, as required by ORCP 7 C(2). On June 27, 2005, plaintiff served on defendant a 10-day notice of intent to apply for an order of default. ORCP 69 A(1). On June 28, defendant's attorney replied by letter that a response would be filed within 10 days. On the ninth day, July 6, defendant's attorney tendered to plaintiff an offer of settlement. Defendant's attorney also included a copy of an answer and counterclaims, which he said he would wait to file until July 13, so that plaintiff could consider the settlement.[2] Defendant did not seek an extension of time to file an answer. *See* ORCP 15 D.

Plaintiff did not reply to defendant's settlement offer, and on July 8, 2005, she pursued an *ex parte* order of default. She did not advise the court of the outstanding settlement offer or the unfiled answer. The trial court entered an order and judgment of default on July 8, 2005. On July 14, 2005, defendant's counsel filed a motion to set aside the default judgment, based on, among other things, mistake, inadvertence, surprise, or excusable neglect. ORCP 71 B(1).[3]

---

[1] Plaintiffs are an attorney in private practice and the attorney's professional corporation. In this opinion, we refer to them together as "plaintiff."

[2] The settlement offered $1,000 in full settlement of plaintiff's claim. The counterclaim included allegations of ethical violations by plaintiff in her representation of defendant.

[3] ORCP 71 B(1) provides, as relevant:

"On motion and upon such terms as are just, the court may relieve a party or such party's legal representative from a judgment for the following reasons: (a) mistake, inadvertence, surprise, or excusable neglect[.] * * * A motion for reason[ ] (a) * * * shall be accompanied by a pleading or motion under Rule 21 A which contains an assertion of a claim or defense. The motion shall be made within a reasonable time, and for reason[ ] (a), * * * not more than one year after receipt of notice by the moving party of the judgment."

At the hearing on the motion to set aside the default judgment, the trial court was concerned about the granting of a default judgment while a settlement offer was pending. The court asked plaintiff if it was common local practice to pursue default in such a circumstance. Plaintiff answered that "[t]he local legal culture on a default is you have to follow the rules, and if you don't follow the rules you take a default." The trial court's letter opinion cited *Peters v. Dietrich*, 145 Or 589, 27 P2d 1015 (1934), in which the Supreme Court held that "[w]here defendant against whom a default has been taken, when he thought that negotiations for a settlement were still pending * * * afterwards promptly files his motion to vacate the default, he is entitled to relief." *Id.* at 595. Finding that there was no evidence of prejudice to plaintiff, and that defendant had established "sufficient grounds as set forth above * * * that she is entitled to relief under ORCP 71 B," the trial court set aside the default judgment.

Plaintiff appeals, challenging the trial court's determination that there was excusable neglect within the meaning of ORCP 71 B(1)(a). Defendant has moved to dismiss the appeal, asserting that the trial court's ruling setting aside the default judgment is not appealable under ORS 19.205.

Oregon courts have decided, under two prior versions of ORS 19.205, that an order granting a motion to set aside a default judgment is not appealable as a "final order affecting a substantial right," for the reason that such an order is not *final* because it does not preclude the plaintiff from seeking judgment at trial. *Lorentz Bruun Company v. Execulodge Corp.*, 313 Or 600, 605-06, 835 P2d 901 (1992); *Walker v. Clyde et ux*, 206 Or 322, 327, 292 P2d 1083 (1956); *Housley and Housley*, 202 Or App 182, 186, 120 P3d 1245 (2005) (applying ORS 19.205 (2001)).

Since those cases were decided, the 2003 legislature enacted amendments to ORS 19.205. Or Laws 2003, ch 576, § 85. As amended, ORS 19.205 no longer limits an appeal to *final* orders affecting a substantial right. ORS 19.205(3) now provides, as pertinent:

> "An order that is made in the action after a general judgment is entered and that affects a substantial right, including an order granting a new trial, may be appealed in the same manner as provided in this chapter for judgments."

As plaintiff correctly points out, the term *"final* order" is no longer in the statute. *See* ORS 19.205(3). Thus, as plaintiff contends, in light of the statutory change, the rationale that supported the courts' decisions in *Housley*, *Lorentz Bruun Company*, and *Walker*—that such an order is not final and therefore is not appealable—is no longer applicable. In plaintiff's view, the trial court's order is now appealable, either as an order affecting a substantial right, ORS 19.205(3), or as an order in a special statutory proceeding. ORS 19.205(5).

■ In fact, in *Bhattacharyya v. City of Tigard*, 212 Or App 529, 535, 159 P3d 320 (2007), we held that the 2003 amendments legislatively overruled the cases holding that orders setting aside former judgments but not granting new trials were not appealable because they were not *final* orders. As we held in *Bhattacharyya*, ORS 19.205(3) no longer requires that an order be "final" in order to be subject to appeal—it need only affect a substantial right. *Id*. We therefore consider whether the order setting aside the default judgment is appealable as an order affecting a substantial right.

In *Bhattacharyya*, we concluded that an order affects a substantial right if the right is "something that is due to a person by just claim, legal guarantee, or moral principle * * *." *Id*. at 534 (citations omitted). Before the trial court set aside the default judgment, plaintiff had an enforceable judgment for the full amount of her claim. We conclude that the order setting aside that judgment affected a substantial right, because now, in order to pursue her claim to judgment, plaintiff must incur the expense of litigation. *See id*. (concluding that "setting aside the judgment * * * exposed petitioner to the expense of further litigation and the potential award of attorney fees, thereby affecting a substantial right"). We hold, therefore, that the order setting aside the default judgment is appealable under ORS 19.205(3).[4]

■ We review a trial court's decision under ORCP 71 B to set aside an earlier judgment for an abuse of discretion.

---

[4] Because we conclude that the order setting aside the default judgment is appealable under ORS 19.205(3), we do not address plaintiff's contention that setting aside a default judgment is appealable under ORS 19.205(5) as an order in a "special statutory proceeding."

*See, e.g., Bisaccio v. Hart,* 213 Or App 75, 79, 159 P3d 1179 (2007); *Owens and Owens,* 182 Or App 473, 477, 49 P3d 111 (2002). The policy underlying ORCP 71 B is to allow defaulted parties to have their day in court, when it can be done "without doing violence to the regular disposition of litigation." *National Mortgage Co. v. Robert C. Wyatt, Inc.,* 173 Or App 16, 23-24, 20 P3d 216, *rev den,* 332 Or 430 (2001). ORCP 71 B is liberally construed to accomplish that goal. *Wood v. James W. Fowler Co.,* 168 Or App 308, 312, 7 P3d 577 (2000). When reasonable grounds are presented for excusing the default, the courts are liberal in granting relief. *Hiatt v. Congoleum Industries,* 279 Or 569, 579, 569 P2d 567 (1977). We have reviewed the record and conclude that the trial court did not abuse its discretion in concluding that the judgment should be set aside under ORCP 71 B(1).

Defendant's motion to dismiss denied; affirmed.