No. 543 August 7, 2024 231

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Wei LIN,
an individual,
*Plaintiff-Appellant,*

*v.*

Changxu JIANG,
an individual,
*Defendant-Respondent.*

Clackamas County Circuit Court
20CV12429; A177263

Jeffrey S. Jones, Judge.

Argued and submitted November 6, 2023.

Christopher K. Dolan argued the cause for appellant. Also on the brief was Jordan Ramis PC.

No appearance for respondent.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

EGAN, J.

Order granting motion to set aside judgment under ORCP 71 B(1)(a) affirmed.

Kamins, J., dissenting.

**EGAN, J.**

In this action to collect on a promissory note, plaintiff challenges the trial court's order setting aside an amended general judgment of default and money award against defendant. Defendant moved under ORCP 71 B(1)(a) for relief from the judgment, contending that defendant's limited knowledge of the English language constituted a basis for relief and, further, that plaintiff had failed to provide consideration for or had repudiated the loan agreement underlying plaintiff's claim. The trial court granted defendant's motion. For the reasons set out below, we conclude that the trial court did not abuse its discretion in granting defendant's motion to set aside the judgment under ORCP 71 B(1) and therefore affirm.

## STANDARD OF REVIEW

We review the trial court's decision to set aside an earlier judgment under ORCP 71 B(1)(a) for an abuse of discretion. *Mary Ebel Johnson, P.C. v. Elmore*, 221 Or App 166, 171, 189 P3d 35, *rev den*, 345 Or 301 (2008). Although the court's ultimate determination under ORCP 71 B(1)(a) is reviewed for an abuse of discretion, whether a party seeking relief under ORCP 71 B(1)(a) has offered a reasonable excuse for failing to appear is a legal question that we review for errors of law. *Union Lumber Co. v. Miller*, 360 Or 767, 777-78, 388 P3d 327 (2017); *see also Saldivar v. Roberts*, 240 Or App 371, 376, 246 P3d 91 (2011) (setting forth analysis).

"The policy underlying ORCP 71 B is to allow defaulted parties to have their day in court, when it can be done 'without doing violence to the regular disposition of litigation.'" *Johnson*, 221 Or App at 171 (quoting *National Mortgage Co. v. Robert C. Wyatt, Inc.*, 173 Or App 16, 23-24, 20 P3d 216, *rev den*, 332 Or 430 (2001)). Thus, when considering a motion for relief from default,

> "it is the court's responsibility to liberally construe ORCP 71 B(1)(a) so as to avoid the harsh result of depriving a party of its day in court. As an aspect of that liberal construction, the court views the facts in the light most favorable to the party seeking relief from the default."

*Saldivar*, 240 Or App at 375. As we review the trial court's ultimate discretionary ruling granting defendant's motion and setting aside the judgment, we view the facts in a light most favorable to defendant, who is the party seeking to set aside the default judgment. *Id*.; *see also Wershow v. McVeety Machinery*, 263 Or 97, 103, 500 P2d 696 (1972) (so viewing facts on review of motion to set aside default judgment).

## BACKGROUND

The pertinent background facts are procedural and largely undisputed. Defendant executed and delivered to plaintiff a promissory note under which defendant agreed to pay plaintiff the principal sum of $180,000. Plaintiff subsequently filed suit, asserting that defendant was in default of the promissory note and seeking judgment. Defendant did not appear, and the court entered an order of default. On June 17, 2020, the court entered an amended general judgment for plaintiff.

On May 7, 2021, defendant filed a motion for an order to set aside the judgment under ORCP 71 B(1)(a). The motion was supported by a declaration of defendant's counsel stating: "Defendant does not read or write English and speaks very little English." Defendant simultaneously filed an answer alleging that plaintiff had repudiated the loan agreement underlying the promissory note or that the note was not supported by consideration.

At a hearing on defendant's motion, the trial court was interested in defendant's allegation that plaintiff had not provided the consideration required by the promissory note and requested briefing and evidence from the parties addressing that issue.

Plaintiff provided a declaration stating that he had loaned defendant $83,000, that he had worked at defendant's restaurant for 30 days without pay, and that he had loaned defendant money for business expenses. In exchange, plaintiff explained, he had required a promissory note from defendant.

Defendant provided a declaration that defendant's deficiency in the English language had prevented him from responding to plaintiff's complaint or appearing in the

action. Counsel characterized that excuse as mistake, inadvertence, or excusable neglect under ORCP 71 B. Defendant also attested that he had not received the promised consideration from plaintiff on the promissory note, that the documentation submitted by plaintiff at the trial court's request did not relate to the promissory note or to services plaintiff provided to defendant and, further, that defendant believed plaintiff was attempting to perpetrate a fraud against him.

In a letter ruling sent to the parties by email, the trial court granted the motion to set aside the judgment:

> "After reviewing the supplemental filings by plaintiff and defendant * * * I find that, applying the liberal construction of ORCP 71 B(1)(a), I am granting the motion for an order to set aside the default."

Defendant emailed a proposed form of order to the court and to plaintiff. The proposed order included the finding:

> "On the grounds of mistake, inadvertence, surprise or excusable neglect; fraud, misrepresentation, or other misconduct of an adverse party, ORCP 71 B applies to the parties in the above-captioned matter."

Plaintiff objected, contending that the court had made no explicit finding in its email letter ruling of "mistake, inadvertence, surprise or excusable neglect; fraud, misrepresentation, or other misconduct."

Considering plaintiff's objection, a different judge, acting on behalf of the trial judge, excised the disputed sentence. But the court's final order adhered to the emailed letter ruling and granted relief from the default on the same ground stated in the emailed letter ruling:

> "Applying the liberal construction of ORCP 71 (B)(1)(a) it is appropriate for the *Order of Default* signed May 7, 2020, and entered May 8, 2020, and the General Judgment of Default signed June 2, 2020 and entered June 4, 2020; and *Amended General Judgment of Default* signed June 10, 2020 and entered June 17, 2020 to be set aside/vacated."

(Emphasis in trial court's order.)

Plaintiff filed this notice of appeal, asserting in a single assignment of error that the trial court's order was

legally deficient, because it did not include an explicit find-ing that defendant had established mistake, inadvertence, surprise, or excusable neglect.

## ANALYSIS

The first question before us is whether, when the court grants relief from a judgment under ORCP 71 B(1)(a), the court must make an explicit finding of mistake, inadver-tence, surprise, or excusable neglect, or whether a general statement granting relief under ORCP 71 B(1)(a) is legally sufficient.[1] We recently answered a similar question in *Wetzel v. Sandlow*, 318 Or App 608, 615, 509 P3d 182 (2022). There, citing *National Mortgage Co.*, 173 Or App at 23, we said that when a trial court does not make an express find-ing of excusable neglect, the court's denial of a motion to set aside a judgment under ORCP 71 made based on excusable neglect "is an implicit ruling that defendant's neglect was inexcusable." We conclude here that the converse is also true: If, when presented with a motion to set aside a judgment under ORCP 71 B(1)(a), a court grants the motion without making an explicit finding of mistake, inadvertence, sur-prise, or excusable neglect, that ruling can be viewed as an implicit ruling that the record satisfies the requirements of ORCP 71 B(1)(a).

Plaintiff asserts that the issue is not so straightfor-ward here, because the draft order, prepared by defendant's counsel, included an explicit finding of mistake, inadver-tence, surprise, and excusable neglect, etc., which the court deleted on plaintiff's objection arguing that there had been no explicit finding of mistake, inadvertence, surprise, or excusable neglect in the court's email ruling. That deletion, plaintiff contends, shows that the trial court did not make a finding as to mistake, inadvertence, surprise, or excusable neglect and militates against any inference to that effect.

We reject plaintiff's contention. The deletion of the sentence at plaintiff's request does not necessarily demonstrate

---

[1]   ORCP 71 B(1) provides, in part:

"On motion and upon such terms as are just, the court may relieve a party or such party's legal representative from a judgment for the following reasons: (a) mistake, inadvertence, surprise, or excusable neglect[.]"

that the trial court did not make a finding of mistake, inadvertence, surprise, or excusable neglect. It could be that the judge who lined out the sentence did so because the trial court's emailed letter ruling had not included an explicit finding. But the court's emailed letter ruling, like the final order, did state that relief was required under a liberal construction of ORCP 71 B(1)(a), which provides for relief in the context of "mistake, inadvertence, surprise, or excusable neglect." Thus, despite the lining out of the sentence, the final order, with its explicit reference to ORCP 71 B(1)(a), is properly viewed as an implicit determination of "mistake, inadvertence, surprise or excusable neglect."

Plaintiff contends that, if and to the extent that the trial court's order can be understood to include an implicit finding of mistake, inadvertence, surprise, or excusable neglect, the record does not support that finding. We have reviewed the record and conclude, contrary to the dissent, that the evidence presented by defendant concerning his English language deficit as a reason for not responding to plaintiff's complaint was legally sufficient to establish a cognizable basis for relief under ORCP 71 B(1)(a), and that the trial court therefore did not abuse its discretion in granting relief.

Order granting motion to set aside judgment under ORCP 71 B(1)(a) affirmed.

**KAMINS, J.,** dissenting.

I respectfully dissent. Because of the strong interest in the finality of judgments, the circumstances to set aside a judgment under ORCP 71 are limited. The subsection relied on by the trial court, ORCP 71 B(1)(a), allows setting aside judgments for "mistake, inadvertence, surprise, or excusable neglect." The only explanation defendant offered to support his ORCP 71 B(1)(a) motion was that he had limited proficiency in English. At the hearing, the trial court expressed skepticism as to that reason, musing that it was "not confident" given that defendant had signed the promissory note in English and had been sued multiple times.

Nevertheless, the trial court, "[a]pplying the liberal construction of ORCP 71 B(1)(a)," set aside the judgment. At plaintiff's request, the trial court struck "mistake,

inadvertence, surprise, or excusable neglect" as the justi-fication for its decision. But at least one of those bases is necessary to grant relief under ORCP 71 B(1)(a) and there is no credited evidence in the record to support any of them. Defendant failed to explain why he defaulted, and the record contains only the trial court's observations casting doubt on defendant's proffered reason and the trial court's deletion of every identified basis in the rule. It doesn't take much to overcome a default, but it takes more than this record. Accordingly, I would reverse the judgment of the trial court.