Argued March 7, affirmed March 28, 1978

In the Matter of Registration of a
Foreign Judgment Rendered in a Case Involving
LITTON, *Respondent,*
*and*
CHAR-OLÉ RANCH, INC. et al,
*Appellants.*
(No. 76-5416, SC 25405)

576 P2d 369

Ellen F. Rosenblum, Eugene, filed the brief for appellants. With her on the brief was Hammons, Phillips & Jensen, Eugene.

John C. Watkinson, Eugene, argued the cause for respondent. With him on the brief were Johnson, Harrang & Mercer, and John B. Arnold and Leslie M. Swanson, Jr., Eugene.

Before Denecke, Chief Justice, Howell and Lent, Justices, and Joseph, Justice Pro Tempore.

JOSEPH, Justice Pro Tempore.

**JOSEPH, J.,** Pro Tempore.

Litton had obtained a joint and several judgment against the appellants in Missouri. Pursuant to the Uniform Enforcement of Foreign Judgments Act (ORS 24.010 to 24.180) he filed a petition to register that foreign judgment. Summons was issued and served. Under the statute appellants had 60 days after service of the petition and the order allowing registration to appear. They failed to appear, and an order of default was had by Litton. Appellants' motion to set aside the order was denied. A judgment was thereafter entered, from which this appeal is taken.

The sole issue is whether the trial judge abused her discretion under ORS 18.160.[1] We hold that there was no abuse of discretion and affirm.

The petition and order were served on March 8, 1977.[2] There followed a series of contacts between local counsel for the parties, and on March 28 Litton's counsel agreed to a 10-day extension of time for appearance in order that appellants' counsel could obtain from California information he thought would be necessary for a responsive pleading. Apparently both lawyers mistakenly believed then that an appearance was due at some date earlier than May 7, which was in fact the end of the statutory 60-day period.

On May 4, Litton's counsel wrote a letter demanding an appearance by May 9. On May 5, appellants' counsel wrote back to confirm counsels' agreement for an extension to May 16 and "to acknowledge that I will enter an appearance by that date." On May 5 he also wrote California counsel who had employed him, saying, "It now becomes absolutely essential that you

---

[1] "The court may, in its discretion, and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, decree, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect."

[2] There being no other record, we take as true for the purpose of this case the facts as set forth in the motion to set aside the order and the accompanying affidavits and exhibits.

forward to me enough information with respect to when Dr. Casas was served in California and when his appearance was made in Missouri so that I can file an answer to the Oregon petition." That letter also informed the California counsel of the May 16 appearance date. There were no further contacts between the parties' respective counsels until after the deadline.

California counsel responded by telephone on May 27, a Friday, and furnished the requested information. On June 1, the second judicial day following May 27, appellants' counsel called Litton's counsel and was advised that the order of default had been taken that morning. On June 9 the motion to set aside the order of default was filed, together with an answer to the petition for registration. We note that the tendered answer contains only conclusory allegations attacking the validity of the Missouri judgment and is devoid of any allegations, let alone any facts, relating to the specific information requested of California counsel in the letter of May 5.

In the absence of a showing of manifest abuse of discretion, a refusal to set aside a default judgment will not be reversed. *Becker v. Becker,* 271 Or 708, 710, 533 P2d 1367 (1975). The defaulted party has the burden of demonstrating that the judgment was the consequence of mistake, inadvertence, surprise or excusable neglect and that relief from default was sought with reasonable diligence. *Rogue Val. Mem. Hosp. v. Salem Ins.,* 265 Or 603, 510 P2d 845 (1973). Also, a claim of a meritorious defense has to be tendered but is not in itself a sufficient condition for relief. *Burke v. Rachau,* 262 Or 323, 338, 497 P2d 1154 (1972).

Appellants had a statutory right to a 60-day period in which to answer the petition.[3] The allowance of that

---

[3]The language of ORS 24.080 may be of greater significance than the parties here have given it:

"Any defense which under the law of this state may be asserted by the defendant in an action on the foreign judgment may be presented

long a time for appearance reflects a recognition that attacking a foreign judgment may require the obtaining of information from the forum of the original judgment or elsewhere. The record here shows that the difficulties appellants' counsel had were entirely with his own associate and client and, further, that well within the statutory period he knew his problems, he knew opposing counsel's state of mind and he knew that an appearance was required by May 16 under threat of default. Litton's counsel did not take the default order for two weeks after the May 16 date, but appellants do not and cannot claim to have been misled by that.

Far from there having been a manifest abuse of discretion, the facts before us show a manifestly proper exercise of discretion, for there was no showing of mistake, inadvertence, surprise or excusable neglect which would have warranted the setting aside of the default judgment. That conclusion is independent of, but supported by, the appellants' failure to tender a defense that was *prima facie* factually meritorious.

Affirmed.

by appropriate pleadings and the issues raised thereby shall be tried and determined as in other civil actions. Such pleadings must be filed within 60 days after personal jurisdiction is acquired over him or within 60 days after the mailing of the notice prescribed in ORS 24.050."

In the light of the provisions of ORS 24.120 that "[i]f * * * the judgment debtor * * * has not, within 60 days * * *, acted to set aside the registration, the registered judgment shall be a final judgment * * *," the default procedure followed here may not in fact have been necessary to make the registered judgment an Oregon judgment. *Compare* ORS 15.040 and 18.080. We need not decide the question in this case.