Argued and submitted March 14, 1988, affirmed January 25, 1989

# CHARLES SCHWAB & CO., INC.,
## *Respondent,*

*v.*

# PLETZ,
## *Appellant.*

# (A8704-02494; CA A45783)

768 P2d 407

James D. Huffman, St. Helens, argued the cause for appellant. With him on the brief was Olsen & Huffman, St. Helens.

Ridgway K. Foley, Jr., Portland, argued the cause for respondent. With him on the brief were Paul R. Bocci and Schwabe, Williamson & Wyatt, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Defendant appeals from an order denying her motion to set aside a judgment taken by default for want of an appearance on plaintiff's contract claim. She contends, first, that she had appeared but that, if she had not, her failure to do so was the result of mistake, inadvertence or excusable neglect and that she has a meritorious defense. We affirm.

Defendant was duly served with the summons and complaint on April 25, 1987. The complaint alleged: On or about August 26, 1986, defendant opened a cash account with plaintiff and requested that plaintiff sell 4,635 shares of stock of U.S. BanCorp for her account, which plaintiff did. Defendant received $109,745.01 from plaintiff as a result of that sale. Defendant turned over 2,904 shares of the stock to plaintiff, promising to deliver the remaining 1,452 shares, after a three for two stock split, by September 3, 1986, which defendant failed to do, leaving her account in a short position. Plaintiff discovered that an Internal Revenue Service notice of levy had been served on U.S. BanCorp, preventing the delivery of the promised stock certificates. Plaintiff, in order to cover defendant's short position, purchased 1,452 shares of the stock on the open market, resulting in a $32,781.23 debit balance in defendant's account.

On March 5, 1987, plaintiff, in order to mitigate damages, paid IRS $17,751.19, the amount of the tax lien on the remaining 1,452 shares, thereby redeeming the shares from the IRS, and then sold them on the open market for $41,215.24, resulting in a debit balance in defendant's account of $9,317.18. Plaintiff made demand on defendant for payment of that amount, but it has not been paid.

In response to the complaint, defendant submitted an affidavit denominated "Answer by Special Appearance," in which she stated that she had been unable to secure counsel, that she needed an extension of time to locate counsel, that she was unable to answer further without counsel and that she intended to file an "amended answer" at a later time. Defendant attempted to file that document on May 26, 1987, but it was returned to her, because she had not paid the filing fee. She paid the fee on June 1, and the "answer" was then filed. On June 2, plaintiff moved for and obtained an order of default, followed immediately by judgment of default. The

"answer" was entered in the register on the same day, but we cannot tell from the record if the judge received the "answer" before he entered the judgment.

On July 6, 1987, defendant filed a motion to vacate the judgment, accompanied by her affidavit and that of her husband. She and her husband both stated that defendant was prevented from answering the complaint within the prescribed 30-day period, because defendant's husband had been incarcerated on May 14, 1987. Defendant further stated that the IRS tax lien was improperly placed on the stock, because the tax debt was solely that of her husband and the stock was registered in her name alone.

■ Defendant first contends that her "Answer by Special Appearance" constituted an appearance for the purposes of ORCP 69 and that her motion to set aside the judgment should, therefore, have been granted under ORCP 71A,[1] because the default order was granted as a direct result of the court clerk's error in not providing the judge with the "answer" before he decided that motion. In *Morrow Co. Sch. Dist. v. Oreg. Land and Water Co.,* 78 Or App 296, 716 P2d 766 (1986), we held that the requirement of ORCP 69A[2] that a defendant "plead or otherwise defend" means that the defendant must either submit a pleading or a motion directed at the sufficiency of the complaint. Here, defendant's purported

---

[1] ORCP 71A provides:

"Clerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own motion or on the motion of any party and after such notice to all parties who have appeared, if any, as the court orders. During the pendency of an appeal, a judgment may be corrected under this section only with leave of the appellate court."

[2] ORCP 69A provides:

"When a party against whom a judgment for affirmative relief is sought has been served with summons pursuant to Rule 7 or is otherwise subject to the jurisdiction of the court and has failed to plead or otherwise defend as provided in these rules, and these facts are made to appear by affidavit or otherwise, the clerk or court shall order the default of that party."

ORCP 7C(2) provides:

"If the summons is served by any manner other than publication, the defendant shall appear and defend within 30 days from the date of service. If the summons is served by publication pursuant to subsection D(6) of this rule, the defendant shall appear and defend within 30 days from the date stated in the summons. The date so stated in the summons shall be the date of the first publication."

"Answer by Special Appearance" was merely a motion for an extension of time. It did not deny any of plaintiff's allegations and was not in any way directed to the sufficiency of the complaint; therefore, it did not constitute an appearance.

■ Defendant also contends that ORCP 15D requires that a motion for extension of time be considered an appearance under ORCP 69.[3] We disagree. ORCP 15D gives the trial court discretion to enlarge the time for answer or reply. Defendant, in effect, argues that the mere filing of the motion would extend the time, because no default could be entered after the motion is filed. Clearly, that is not a function of the rule. If the motion is not granted, as here, the party must answer or defend as if the motion had not been made. If the motion is granted, a default could not then be taken. We conclude that a motion for an extension of time under ORCP 15D does not constitute an appearance for the purposes of ORCP 69A.

■ Because defendant made no appearance and the motion for an extension of time was filed after the 30-day period had expired, it is irrelevant for the purposes of ORCP 69 whether the judge was provided with that motion. Whether or not there was any clerical error, it was not the cause of the default, and defendant's argument under ORCP 71A fails.

■ Defendant further contends that the trial court erred by not granting her motion to set aside the default judgment under ORCP 71B(1). A motion under ORCP 71B(1) may be granted only if (1) the judgment was entered by virtue of mistake, inadvertence, surprise, or excusable neglect; (2) the defendant acted with reasonable diligence after knowledge of the judgment; and (3) the defendant possesses a meritorious defense to the action. *Lowe v. Institutional Investors Trust,* 270 Or 814, 529 P2d 920 (1974).

■ Even if defendant satisfied the trial court as to the first two requirements, which is doubtful, she failed on the third. The most that could be argued from defendant's motion and affidavit is that she has a defense to this action because

[3] ORCP 15D provides:

"The court may, in its discretion, and upon such terms as may be just, allow an answer or reply to be made, or allow any other pleading or motion after the time limited by the procedural rules, or by an order enlarge such time."

the IRS tax lien was wrongful and should not have been honored by the bank and, therefore, it was the bank's fault that she did not deliver the stock. Even if the lien, which was facially valid, was wrongful, the bank had no choice but to honor it. 26 USC § 332. Defendant had received over $109,000 from the stock sale and could have arranged for a release of the stock and asserted her claim against IRS, if the levy was invalid. As a matter of law, the defense asserted is not meritorious.[4]

The trial court did not exceed its discretion in denying defendant's motion to set aside the judgment.

Affirmed.

---

[4] Defendant argues that, because she was not represented by counsel in the trial court, she should be held to a less stringent standard than would apply to one who is represented. No Oregon case has ever so held, and we decline to do so here.