Argued and submitted February 7, affirmed March 20, 2003

Christopher STULL;
William Miller; Elizabeth Miller;
Everett Patten; Lisa Patten;
Dovie Desirey; Mike Desirey;
Robert Crass; Eileen Crass;
John Kessinger; Martha Kessinger;
Curtis Downs; and Deborah Downs,
*Appellants,*

*v.*

ASH CREEK ESTATES, LLC;
Clifford Hoekstre; Diana Hoekstre;
Ernie Carpenter; and Barbara Carpenter,
*Respondents.*

00P 1450; A115721

66 P3d 515

Clayton C. Patrick argued the cause and filed the briefs for appellants.

Norman F. Webb argued the cause for respondents. With him on the brief was Webb, Martinis & Hill.

Before Edmonds, Presiding Judge, and Kistler and Schuman, Judges.

KISTLER, J.

**KISTLER, J.**

Plaintiffs appeal from an order denying their motion to set aside a judgment. They argue that the trial court abused its discretion in holding that their failure to file a response to defendants' summary judgment motion was not excusable neglect. We affirm.

Plaintiffs filed an action against defendants in August 2000, alleging breach of contract and unlawful debt collection. On March 9, 2001, defendants moved for summary judgment. Defendants served their summary judgment motion on plaintiffs' counsel at the address listed in the Oregon State Bar annual membership directory, as they had done with all other documents served on plaintiffs. When plaintiffs failed to respond to defendants' motion, the trial court granted the motion and entered judgment in defendants' favor on April 18, 2001.

On May 18, 2001, plaintiffs filed a motion for relief from judgment. Their trial counsel filed an affidavit in support of the motion. In the affidavit, counsel asserted that defendants had served him with their summary judgment motion at the wrong address. He explained that he no longer received his business mail at the post-office box that defendants had used, although his wife checked that box occasionally. Despite the change in address, counsel acknowledged that he had received defendants' summary judgment motion in time to respond and that he had in fact prepared a response to it.[1] He could not explain, however, with any certainty why neither the trial court nor defendants' counsel had received his response. Plaintiffs' counsel stated in his affidavit that "[i]t was [his] belief that the [response to the summary judgment motion] was mailed to Polk County Trial Court Records on or about March 26, 2001."

---

[1] Defendants filed their summary judgment motion on March 9, 2001. Plaintiffs' counsel necessarily received the motion by March 21, 2001, when plaintiffs signed affidavits in opposition to defendants' motion. ORCP 47 C provides that "the adverse party [to a summary judgment motion] shall have 20 days in which to serve and file opposing affidavits and supporting documents."

At the hearing on the motion for relief from judgment, plaintiffs' counsel clarified the statement in his affidavit. He said that he

> "can't offer an explanation to the Court as to what happened other than the matter was in fact prepared in a timely fashion, it simply wasn't filed, and I don't know why. I haven't been able to find the originals. I don't know if they're lost in our office or if they were mailed somewhere else. I'm assuming they're lost."

Later in the hearing, counsel repeated that he "cannot offer the Court an explanation for why [the response] wasn't filed nor why a copy wasn't sent to [opposing counsel]." After considering the parties' arguments, the trial court denied plaintiffs' motion for relief from the judgment. It found that their counsel's failure to notify opposing counsel of his new address was not excusable neglect under ORCP 71 B.

■ On appeal, plaintiffs argue that the trial court abused its discretion in two respects. They argue initially that defendants sent their summary judgment motion to the wrong address. Plaintiffs' first argument misses the mark. Even if defendants should have sent their motion to a different address, the trial court's findings make clear that plaintiffs received the motion in ample time to respond to it. Moreover, we note that defendants did not send their motion to the wrong address. Defendants served plaintiffs' counsel at the address listed in the then-current Oregon State Bar annual membership directory. Defendants' counsel was entitled to rely on that published address. *See Gallogly v. Calhoon,* 126 Or App 366, 370, 869 P2d 346, *rev den,* 319 Or 149 (1994).

Plaintiffs advance a second argument. They contend that any failure to file their response was due to excusable neglect. Plaintiffs do not dispute that their trial counsel was responsible for ensuring that the response was filed with the court and served on opposing counsel. They argue, however, that, because their counsel in fact prepared the response, his failure to file and serve it constitutes excusable neglect within the meaning of ORCP 71 B. Defendants respond that our cases draw a different distinction. According to defendants, our cases hold that, in order to establish excusable neglect, plaintiffs must provide a reasonable explanation for

why no timely response was filed. Not knowing why the response was not filed or simply believing that it may have been filed is not sufficient.

ORCP 71 B provides, in relevant part:

"On motion and upon such terms as are just, the court may relieve a party or such party's legal representative from a judgment for the following reasons: (a) mistake, inadvertence, surprise, or excusable neglect[.]"

As the Supreme Court has recognized, this rule "is to be construed liberally to the end that every litigant shall have his [or her] day in court and his [or her] rights and duties determined only after a trial upon the merits of the controversy." *King v. Mitchell*, 188 Or 434, 442, 214 P2d 993 (1950) (construing statutory predecessor); *see also Wood v. James W. Fowler Co.*, 168 Or App 308, 312, 7 P3d 577 (2000). There are limits, however, to a trial court's discretion to grant relief from judgment, and we recently sought to clarify our cases on this issue. *See Wood*, 168 Or App at 312-18.

After reviewing the relevant cases, we explained in *Wood*,

"From our review of the case law, we discern one dispositive and constant principle that transcends mere fact matching: When a corporation's registered agent has been personally served and has, in fact, given the summons and complaint to an ostensibly responsible subordinate with instructions to take necessary steps to respond to the complaint, the defendant's failure to appear because of the subordinate's negligence is 'excusable neglect.' "

*Id.* at 318; *accord Hiatt v. Congoleum Industries*, 279 Or 569, 569 P2d 567 (1977); *Reitz v. Coca-Cola*, 36 Or App 487, 584 P2d 791 (1978). In each of the cases holding that the litigant had established excusable neglect, the person responsible for responding to the complaint stated that he or she reasonably had relied on a subordinate to respond to it. Although it was negligent not to check to see whether the subordinate had in fact responded, we reasoned that the negligence was nonetheless "excusable" within the meaning of ORCP 71 B.

We were careful, however, in *Wood* to reaffirm our line of cases holding that a party's failure to appear or

respond will not be excusable neglect when the person responsible for responding to a complaint or motion cannot say why he or she failed to do so. 168 Or App at 316-17. For example, in *Mount v. Massachusetts Mutual Life Ins. Co.*, 103 Or App 156, 796 P2d 388 (1990), *rev dismissed*, 311 Or 151 (1991), the defendant acknowledged receiving the papers but claimed that he did not respond because of excusable neglect. In support of his claim of excusable neglect, he stated,

> " 'As far as I can recall, I received the papers and followed my routine practice which was to give the Summons and Complaint to [the office manager], or put it into her mail slot. She would then forward the papers to our home office in Springfield, Massachusetts. I believe I followed that procedure on this occasion.' "

*Id.* at 158. The officer manager had not received the papers, and we held that the defendant's "belief" that he followed routine procedure was not sufficient to establish excusable neglect. *Id.* at 159. Distinguishing cases such as *Reitz* and *Hiatt*, we reasoned,

> "We do not agree, however, that those cases support relief on a mere showing that the corporate officer or employee who is held out as the agent for service, and who is responsible for setting matters in motion when he receives service, cannot say to a probability what he did with the papers and whose speculation that he followed normal procedures is belied by the recollections of the other employees that they did not receive the papers."

*Mount*, 103 Or App at 159.

Similarly, in *Pacheco v. Blatchford*, 91 Or App 390, 754 P2d 1219, *rev den*, 306 Or 660 (1988), the defendant acknowledged that he had been served but never responded. In his affidavit in support of his motion to set aside the default judgment, the defendant contended that it was his " 'intention at that time to send those documents' " to the relevant party. He also stated that it was his practice to do so and that he "thought" that he had done so. However, those documents were never received by the other side, and we declined to hold that the defendant had established excusable neglect. *Id.* at 393.

Our decisions in *Mount*, *Pacheco*, and *Wood* make clear that, if the person who is responsible for responding to a complaint or motion can say with some certainty that he or she took action either to file a document with the court or to have someone else file it, the failure to ensure that the document in fact was filed is excusable neglect. Conversely, the mere fact that the person responsible for responding to a complaint or motion believed that someone else had done so or the fact that it was the person's usual practice to do so is not sufficient to establish excusable neglect.

■ With those principles in mind, we turn to the facts in this case. Plaintiffs' counsel was the person responsible for filing a response to defendants' summary judgment motion and serving it on opposing counsel. Plaintiffs offered no evidence, however, that their counsel instructed an employee to mail the response to the court but the employee failed to do so. Nor is there any evidence that plaintiffs' counsel ever put the response in the mail. Rather, all that counsel could say was that "[i]t was [his] belief that the [response to the summary judgment motion] was mailed to Polk County Trial Court Records on or about March 26, 2001"—a belief that was belied, like the defendant's belief in *Mount*, by the court's failure to receive it. Not only is counsel's unsupported belief insufficient under *Mount*, *Pacheco*, and *Wood*, but plaintiffs' counsel candidly told the trial court at the hearing that he could not explain what had happened, that he assumed that the documents were lost somewhere in the office but that they could have been mailed to the wrong location. In light of our decisions in *Mount* and *Pacheco*, counsel's explanation was not sufficient to establish excusable neglect. The trial court did not err in denying plaintiffs' motion to set aside the judgment.[2]

Affirmed.

---

[2] Although the trial court denied plaintiffs' motion on the ground that it was not excusable neglect that plaintiffs' counsel did not provide a correct address, we may affirm the trial court's decision as right for the wrong reason. *Frady v. Morrow*, 169 Or App 250, 254, 9 P3d 141 (2000) (a trial court will not be "gratuitously reversed," and if the trial court's result is, ultimately, correct, it will be affirmed on alternative grounds to avoid an unnecessary remand). Because defendants raised this argument in response to plaintiffs' motion to set aside the judgment, plaintiffs had the opportunity to develop the record on this point. However, the record they developed is not sufficient to establish excusable neglect.