Argued and submitted November 18, affirmed December 30, 2009, petition for review denied April 8, 2010 (348 Or 218)

Nanette GILBERT,
*Plaintiff-Appellant,*

*v.*

STANCORP FINANCIAL GROUP INC.,
*Defendant,*

*and*

STANDARD INSURANCE CO.,
an Oregon corporation,
*Defendant-Respondent.*

Lane County Circuit Court
160804103; A140136

225 P3d 71

George W. Kelly argued the cause and filed the briefs for appellant.

Jonathan W. Henderson argued the cause for respondent. With him on the brief were Nicole M. Rhoades, Matthew R. Wiese, and Davis Rothwell Earle & Xochicua P.C.

Before Landau, Presiding Judge, and Schuman, Judge, and Ortega, Judge.

SCHUMAN, J.

**SCHUMAN, J.**

When defendant did not file a timely response to plaintiff's personal injury complaint and summons, plaintiff took a default judgment. On defendant's motion, the trial court set aside the judgment pursuant to ORCP 71 B(1)(a), which provides that the court "may relieve a party * * * from a judgment for * * * mistake, inadvertence, surprise, or excusable neglect." Plaintiff appeals, arguing that the court abused its discretion by providing relief to defendant. We affirm.

As we explain below, but state here in order to put the facts in context, the resolution of this case depends on whether the record contains evidence supporting the court's finding that defendant failed to file an answer because it mistakenly understood that, when plaintiff sought the default judgment, the parties were engaged in settlement negotiations.

Most of the facts are procedural and, except where noted, undisputed. Plaintiff's complaint alleged that she was injured when the front wheels of a grocery cart that she was pushing sank into a shallow pothole in a parking lot owned by defendant Standard Insurance Company. The alleged incident occurred on March 6, 2006. Some time thereafter, plaintiff's attorney filed a claim with defendant's insurer, One Beacon, and the claim was denied. On January 9, 2008, plaintiff's attorney and One Beacon's claims handler, Fleming, had a telephone conversation during which, according to Fleming's follow-up letter mailed the same day, Fleming reasserted One Beacon's "position that there is no liability on the part of our insured." The letter went on to request, however, that plaintiff's attorney send the insurer

"photos of the pothole in question * * * as well as all medical bills and records for [plaintiff] for my review. * * * Once I have received all material I will take another look at our liability position and we can discuss it again.

"I look forward to working with you to bring this claim to a resolution."

A few weeks later, as the statute of limitations neared, plaintiff's attorney sent Fleming a courtesy copy of the complaint

he planned to file, along with the medical bills and records that Fleming had requested. He also requested that Fleming send him a copy of the medical bills that the insurer had paid on behalf of plaintiff. A week later, on February 21, 2008, plaintiff's attorney sent Fleming more medical records.

Two days later, plaintiff filed a complaint seeking $400,000 in damages and served the complaint and a summons on defendant's registered agent. The summons contained the following language:

> "IN THE NAME OF THE STATE OF OREGON:   You are hereby required to appear and defend the complaint filed against you in the above entitled cause within 30 days from the date of service of this summons on you; and if you fail to appear and defend, the plaintiff will apply to the court for the relief demanded in the complaint.

> "Notice to defendant:

> "READ THESE PAPERS CAREFULLY

> "You must 'appear' in this case or the other side will win automatically. To 'appear' you must file with the court a legal paper called a 'motion' or 'answer' * * * within 30 days [as required by ORCP 7 C(2)]."

Thirty days passed with no response from defendant and no written notice from defendant that it intended to file an appearance. The lack of written notice relieved plaintiff of the requirement that she provide ten days' notice of her intent to seek an order of default, ORCP 69 A(1), and, in fact, she sought (*ex parte*) and received such an order on the thirty-third day. The default judgment was entered shortly thereafter, on April 23, 2008.

Nearly three months passed. Then, on July 16, defendant moved to set aside the default. In support of the motion, defendant submitted a two-page affidavit signed by Fleming, reciting the history of her correspondence with plaintiff's attorney and stating:

> "Based on my conversations and dealings with [plaintiff's attorney], I understood that [he] would not seek a default against the defendant because he was continuing to evaluate his client's claim and he was not yet in a position to make a settlement demand.

"On March 11, 2008, I received a summons and Amended Complaint from the insured[.] At this time, due to my continuing dealings with [plaintiff's attorney], I understood that [he] did not require a responsive pleading and would not attempt to default the defendant. At this time I understood that [plaintiff's attorney] would continue to submit to me information relating to his client's medical issues and expenses, and would provide a settlement demand."

Plaintiff's attorney responded with a declaration stating, "At no time or in any manner did I state, suggest or imply to One Beacon or anyone else that I would not seek a default against the defendant." He also stated that all of his dealings with Fleming and her supervisor, even after the default judgment, had been cordial, and neither had "claimed that we had an arrangement, understanding or implicit bargain of any sort."

The court held a hearing on defendant's motion and heard the parties' arguments, but took no new evidence. It subsequently set aside the default judgment. The court did not make any express findings and did not set out its reasoning. This appeal ensued.

The court's authority to set aside a judgment derives from ORCP 71 B(1)(a):

"On motion and upon such terms as are just, the court may relieve a party or such party's legal representative from a judgment for the following reasons: (a) mistake, inadvertence, surprise, or excusable neglect[.]"

We review the court's decision to grant such relief for abuse of discretion. *Litton and Char-Olé Ranch, Inc.*, 281 Or 687, 690, 576 P2d 369 (1978); *Knox v. GenX Clothing, Inc.*, 215 Or App 317, 319, 168 P3d 1251 (2007). Under that standard, we will affirm the court unless its decision is not within the range of lawful alternatives. *State v. Rogers*, 330 Or 282, 312, 4 P3d 1261 (2000). When the court's decision rests on factfinding, we are bound by the court's findings if they are supported by any evidence. Or Const, Art VII (Amended), § 3. Recognizing that a default judgment deprives a party of its "day in court," we liberally construe ORCP 71 B so as to avoid that result "when it can be done without doing violence to the regular disposition of litigation." *National Mortgage Co. v. Robert C.*

*Wyatt, Inc.*, 173 Or App 16, 23-24, 20 P3d 216, *rev den*, 332 Or 430 (2001). One aspect of such liberal construction is that we view the facts in the light most favorable to the party seeking relief from default. *Id.* at 18. Further, we have granted relief from default under ORCP 71 B(1) when the defaulted party believed that settlement negotiations were pending, *Mary Ebel Johnson, P.C. v. Elmore*, 221 Or App 166, 169, 189 P3d 35, *rev den*, 345 Or 301 (2008), and where the defaulted party was "surprised" because the adversary's taking of the default was contrary to the defaulted party's understanding that a settlement would be negotiated, *McKenna and McKenna*, 57 Or App 185, 189, 643 P2d 1369 (1982).

Thus, in order to prevail here, plaintiff must establish that, viewing the record in the light most favorable to defendant, no evidence supports the court's implicit finding that, as Fleming testified, she understood that settlement negotiations were pending. In support of that position, plaintiff maintains that Fleming's bare assertion that she "understood" settlement negotiations were ongoing (and that she was therefore "surprised" by plaintiff's *ex parte* default motion) cannot support the court's finding, because defendant did not adduce any facts establishing that such an understanding was reasonable. That argument rests on the assumption that the mistake, inadvertence, or surprise to which ORCP 71 B(1) refers must be rationally based. Thus, for example, if the only conversations between the parties involved, say, the weather or the World Series, the defaulted party's "understanding" that the other party had agreed not to take a default would not justify relief. The contrary argument is that the presence of the word "excusable" before "neglect" in the phrase "mistake, inadvertence, surprise, or *excusable* neglect," indicates a legislative decision to leave the terms mistake, inadvertence, and surprise unqualified.

The dispute raises an interesting question, but we need not decide it. That is so because, in this case, and under our standard of review, adequate evidence supports a finding that Fleming not only had the understanding that negotiations were ongoing, but that her understanding was reasonable. She asked plaintiff's attorney to send her photographs and medical records so that she could "take another look at our liability position" for further discussions in the hope that

the parties could "bring this claim to a resolution." In response, plaintiff sent the information and asked for defendant's insurer's billing information. The complaint and summons were served within a week. Those undisputed facts, interpreted (along with their reasonable inferences) in the light most favorable to defendant, are evidence that Fleming reasonably believed that settlement negotiations were ongoing.

■       Plaintiff nonetheless advances several additional arguments. First, she points out that, in *McKenna* and *Mary Ebel Johnson, P.C.*, the evidence that the defaulted party believed settlement negotiations were pending was much stronger than in the present case. That is true, but it does not help plaintiff; our standard of review does not permit us to weigh the strength of the evidence supporting the court's finding, but merely to determine whether *any* such evidence exists. For the same reason, even if we were to agree with plaintiff's argument that more and stronger evidence supports a contrary finding, we could not reverse the trial court's decision.

■       Plaintiff also argues that ORCP 69 A(1) and Lane County Supplemental Local Rule 5.001 compel reversal. The provision from ORCP 69 A(1) on which she relies states, in part,

> "If the party against whom an order of default is sought has * * * provided written notice of intent to file an appearance to the party seeking an order of default, then the party against whom an order of default is sought shall be served with written notice of the application for an order of default at least 10 days * * * prior to entry of the order of default."

According to plaintiff, the implication we must draw from that rule is that, "unless a defendant has given the plaintiff 'written notice of intent to file an appearance,' a defendant who has failed to appear should *expect* that the plaintiff, without further notice, may obtain an order of default." (Emphasis in original.) We agree with plaintiff that the rule is some evidence that defendant, as a matter of fact, did not have a reasonable understanding that no default would be taken; again, however, under our standard of review, the

mere existence of such evidence is not sufficient to establish an abuse of discretion.

Lane County Supplemental Local Rule 5.001 provides, "Oral stipulations between counsel, except those made in open Court and on the record, will not be recognized." In this case, neither the court nor defendant asserts, much less relies on, any oral stipulations between counsel. The rule is not relevant.

In short, we conclude that the record contains evidence supporting the trial court's finding that, at the time plaintiff sought an order of default, defendant reasonably understood that settlement negotiations were ongoing and that a default would not be taken, and that that finding legally justified the court to set aside the judgment of default under ORCP 71 B(1)(a).

Affirmed.