Argued and submitted December 8, 2009, affirmed September 29, 2010, petition for review denied February 3, 2011 (349 Or 603)

Nina TERLYUK,
individually
and as guardian for minor
Andrey Terlyuk,
*Plaintiffs-Appellants,*

*v.*

Viktor KRASNOGOROV,
*Defendant-Respondent,*

*and*

DOES 1-10,
*Defendants.*

Multnomah County Circuit Court
071012482; A139901

240 P3d 740

Elena E. Tsiprin argued the cause for appellants. With her on the briefs was Law Offices of Elena E. Tsiprin.

Brian R. Talcott argued the cause for respondent. With him on the brief was Dunn Carney Allen Higgins & Tongue LLP.

Before Landau, Presiding Judge, and Schuman, Judge, and Sercombe, Judge.

SERCOMBE, J.

**SERCOMBE, J.**

The trial court granted defendant's motion to set aside a default judgment on plaintiffs' personal injury claim pursuant to ORCP 71 B(1)(a) ("mistake, inadvertence, surprise, or excusable neglect"), and plaintiffs appeal, contending that defendant failed to establish a basis for relief from the default judgment. Defendant argued to the trial court that relief should be allowed because of his mistake or excusable neglect. Plaintiffs contend that the trial court based its order setting aside the judgment on a determination that defendant's default was the result of a mistake. Plaintiffs assert that the undisputed facts do not support the trial court's conclusion that defendant's default was the result of the type of "mistake" for which relief is authorized by ORCP 71 B. We sustain the trial court's order on the ground of defendant's excusable neglect and conclude, further, that the trial court did not abuse its discretion in granting defendant's motion for relief. *See Litton and Char-Olé Ranch, Inc.*, 281 Or 687, 690, 576 P2d 369 (1978) (stating abuse of discretion standard); *Mary Ebel Johnson, P.C. v. Elmore*, 221 Or App 166, 170-71, 189 P3d 35, *rev den*, 345 Or 301 (2008) (same). We accordingly affirm.

The pertinent facts are largely undisputed. Plaintiffs and defendant were involved in an automobile collision, and defendant's insurer, Allstate, acknowledged liability for plaintiffs' claim and assumed responsibility for its processing. Plaintiffs' property damage claim was resolved, and only their claim for personal injury remained in dispute. Negotiations to resolve that claim failed, and plaintiffs filed their complaint on October 25, 2007, and served defendant on December 24, 2007, pursuant to ORCP 7 D(4).[1] Under

---

[1] ORCP 7 D (4)(a)(i) provides, as pertinent:

"In any action arising out of any accident, collision, or other event giving rise to liability in which a motor vehicle may be involved while being operated upon the roads, highways, streets, or premises open to the public as defined by law of this state if the plaintiff makes at least one attempt to serve a defendant who operated such motor vehicle, or caused it to be operated on the defendant's behalf, by a method authorized by subsection (3) of this section except service by mail pursuant to subparagraph (3)(a)(i) of this section and, as shown by its return, did not effect service, the plaintiff may then serve that defendant by mailings made in accordance with paragraph (2)(d) of this section addressed to that defendant at:

ORCP 7 C(2), defendant was obliged to appear and defend against the complaint within 30 days. Plaintiffs did not send a copy of the summons and complaint to Allstate at that time. On January 8, 2008, Allstate closed its file on the claim.

On January 25, 2008, as required by ORCP 69 A(2),[2] plaintiffs mailed a letter to Allstate enclosing a copy of the summons and complaint and providing notice of intent to take a default judgment. Allstate's claims adjuster received the letter but mistakenly understood it to be a courtesy copy of a summons and complaint that had been filed but not yet served. The adjuster telephoned the insured, defendant's father, and left a message to expect service of summons. Shortly afterwards, she sent the insured a letter stating that plaintiff "will be filing suit against you and/or [defendant]" and "to properly handle this lawsuit, we will need an

"(A) any residence address provided by that defendant at the scene of the accident;

"(B) the current residence address, if any, of that defendant shown in the driver records of the Department of Transportation; and

"(C) any other address of that defendant known to the plaintiff at the time of making the mailings required by (A) and (B) that reasonably might result in actual notice to that defendant.

"Sufficient service pursuant to this subparagraph may be shown if the proof of service includes a true copy of the envelope in which each of the certified, registered, or express mailings required by (A), (B), and (C) above was made showing that it was returned to sender as undeliverable or that the defendant did not sign the receipt. For the purpose of computing any period of time prescribed or allowed by these rules or by statute, service under this subparagraph shall be complete on the latest date on which any of the mailings required by (A), (B), and (C) above is made. If the mailing required by (C) is omitted because the plaintiff did not know of any address other than those specified in (A) and (B) above, the proof of service shall so certify."

[2] ORCP 69 A(2) provides:

"Notwithstanding subsection A(1) of this section, no default shall be entered against a defendant served with summons pursuant to Rule 7 D(4)(a)(i) unless the plaintiff submits an affidavit or a declaration showing:

"A(2)(a) that the plaintiff has complied with subparagraph D(4)(a)(i) of Rule 7; and

"A(2)(b) either, if the identity of the defendant's insurance carrier is known to the plaintiff or could be determined from any records of the Department of Transportation accessible to the plaintiff, that the plaintiff not less than 30 days prior to the application for default mailed a copy of the summons and the complaint, together with notice of intent to apply for an order of default, to the insurance carrier by first class mail and by any of the following: certified, registered, or express mail with return receipt requested, or that the identity of the defendant's insurance carrier is unknown to the plaintiff."

immediate phone call when the lawsuit is filed." She did not refer the matter to defense counsel, because, under Allstate's internal claims handling process, a file is referred to a litigation adjuster only after actual service of summons. Thus, Allstate did not take action on defendant's behalf to timely appear and defend the action and did not respond to the notice of intent to take default judgment.

On February 29, 2008, plaintiffs filed their motion for default judgment. After a hearing on March 14, 2008, the trial court granted plaintiffs' motion and entered a general judgment of default. On March 31, 2008, plaintiffs sent Allstate's adjuster notice of the order of default and default judgment, and, on April 3, 2008, plaintiffs sent the adjuster notice of the entry of judgment.

On April 21, 2008, Allstate, on behalf of defendant, filed a motion to set aside the default judgment. In an affidavit submitted with the motion, Allstate's adjuster stated that she had misread plaintiffs' letter of January 25 and had understood it to be only a courtesy copy of a complaint that had been filed by plaintiffs but not yet served. She averred that she did not realize that the letter was notice of intent to take a default judgment on a claim that plaintiffs had previously filed and that "[a]t no point was [she] aware that [defendant] had been served."

ORCP 71 B(1) provides, in part:

"On motion and upon such terms as are just, a court may relieve a party or such party's legal representative from a judgment for the following reasons: (a) mistake, inadvertence, surprise, or excusable neglect[.] * * * A motion for reason[ ] (a) * * * shall be accompanied by a pleading or motion under Rule 21 A which contains an assertion of a claim or defense. The motion shall be made within a reasonable time, and for reason[ ] (a), * * * not more than one year after receipt of notice by the moving party of the judgment."

Thus, a motion under ORCP 71 B(1)(a) should be granted if:

"(1) the judgment was entered by virtue of mistake, inadvertence, surprise, or excusable neglect; (2) the defendant acted with reasonable diligence after knowledge of the

judgment; and (3) the defendant possesses a meritorious defense to the action."
*Charles Schwab & Co. v. Pletz*, 95 Or App 48, 52, 768 P2d 407 (1989).

At the hearing to set aside the default judgment, defendant argued that his failure to appear in the case was the result either of excusable neglect or an innocent "mistake"—the insurance adjuster's misreading of the January 25 notice. The parties and the court discussed whether the adjuster's misreading of the notice was a mistake within the meaning of ORCP 71 B(1)(a) and plaintiffs' view that if there was a mistake by the adjuster, it was not reasonable. The court then discussed with counsel whether the requirement of "excusable" applies in the context of the "mistake" ground for relief.[3] It concluded that, although the court was not sure whether a requirement of excusability applies to a mistake under ORCP 71 B(1)(a), "even if it did, [the adjuster's misreading of the January 25 letter is] the kind of thing that courts will say if it is remedied promptly enough will be allowed to go forward."[4] The court granted the motion and set aside the default judgment.

---

[3] The court noted that

"mistake, inadvertence, surprise or excusable neglect, that's what we kind of all treat as though it's one word. People usually make their motions to set aside and just cite that string. I mean, there are other grounds. But if this is that kind of situation, that is how it's cited. And of course we have more—the jurisprudence is slightly more developed when it comes to, there's neglect and there's neglect that's excusable and there's neglect that's not excusable. Do I apply that same jurisprudence in looking at whether some mistakes are excusable and some of them aren't, or because the rule does not say excusable mistake, it just says mistake, do I stop there?"

[4] The court explained:

"Well, no dispute [the adjuster] made a mistake, that she—but I conclude the facts show she didn't make a mistake, she misread the letter of January 25th 2008 and its contents. No reason for that, the letter is clear, nothing particularly obscure about it. The attachments were there, showing—support of what was set forth in the letter. But [the adjuster's] actions following receipt of that letter support her sworn declaration that she did make a mistake in what she took as the content of the letter. Probably she—her eye fell to the third line, we will serve your insured, the only words she soaked in, and then acted accordingly, as opposed to reading it for what it really said and looking at the attachments for what they really said.

"So if she made a mistake, it is still not clear to me whether the excusability has to be applied to that. But she did not—even if it did, I think it's the kind of thing that courts will say if it is remedied promptly enough will be allowed to go forward."

Plaintiffs appeal, asserting that the adjuster's misreading of the January 25 notice was not the type of mistake for which ORCP 71 B(1)(a) authorizes the trial court to grant relief. Plaintiffs argue that, as used in ORCP 71 B(1)(a), the word "excusable," which modifies "neglect," also modifies the other bases for relief from a judgment described in ORCP 71 B(1)(a). Thus, in plaintiffs' view, a proper reading of ORCP 71 B(1)(a) requires that whatever basis is asserted for relief from a judgment—mistake, inadvertence, surprise, or neglect—that basis must also be "excusable." Plaintiffs contend that a mistake is excusable only if it is reasonable under the circumstances. Plaintiffs contend that an evaluation of the circumstances in support of relief from a judgment of default must encompass an inquiry into whether the given reason for the default is "excusable" and that, in failing to consider whether the adjuster's mistake was reasonable and therefore excusable, the trial court committed legal error. In plaintiffs' view, in light of the clarity of the January 25 letter and the adjuster's expertise, the adjuster's misreading of the January 25 letter either was not a mistake at all or was an unreasonable mistake and therefore not excusable.

Defendant asserts that plaintiffs' textual and contextual construction of ORCP 71 B(1)(a) is inconsistent with the grammatical structure of the phrase, which clearly sets forth four distinct grounds for setting aside a judgment, only the last of which—neglect—is modified by "excusable." Defendant points out that the four grounds listed in ORCP 71 B(1)(a) are separated by commas and set forth in the disjunctive, thereby emphasizing that they are distinct. Given that structure, in defendant's view, the term "excusable" can only be understood to modify the term that it precedes, "neglect," and there is no basis in the text or context of ORCP 71 B(1)(a) to apply the word "excusable" to the other three terms.

Additionally, defendant asserts that the circumstances found by the trial court fit squarely within the commonly understood meaning of "mistake," which is defined in *Webster's Third New Int'l Dictionary* 1446 (unabridged ed 2002), as "a misunderstanding of the meaning or implication of something." For that additional reason, defendant contends, the trial court properly found that the default was the

result of a mistake and properly exercised its discretion to set aside the default judgment.

Thus, the issue presented by the parties on appeal is whether ORCP 71 B allows the exercise of judicial discretion to grant relief from a default judgment on the basis of a mistake alone or whether the mistake must be reasonable in character or, if the mistake is also neglectful, whether that neglect must be excusable.

■ Because a default judgment deprives a party of its day in court, the court liberally construes ORCP 71 B(1)(a) so as to avoid that result "when it can be done without doing violence to the statute and established rules of practice that have grown up promotive of the regular disposition of litigation." *Wagar v. Prudential Ins. Co.*, 276 Or 827, 833, 556 P2d 658 (1976); *National Mortgage Co. v. Robert C. Wyatt, Inc.*, 173 Or App 16, 23-24, 20 P3d 216, *rev den*, 332 Or 430 (2001). "One aspect of such liberal construction is that we view the facts in the light most favorable to the party seeking relief from the default." *Gilbert v. Stancorp Financial Group Inc.*, 233 Or App 57, 62, 225 P3d 71 (2009), *rev den*, 348 Or 218 (2010). We are bound by the court's findings if they are supported by any evidence. Or Const, Art VII (Amended), § 3; *Matchey v. Staffing Network Holdings, Inc.*, 195 Or App 576, 579, 98 P3d 1174 (2004), *rev den*, 338 Or 124 (2005); *Montoya v. Housing Authority of Portland*, 192 Or App 408, 417, 86 P3d 80 (2004).

■ We review a trial court's decision under ORCP 71 B for abuse of discretion. *Mary Ebel Johnson, P.C.*, 221 Or App at 170. Put another way, we will affirm the trial court unless its decision was not within the range of lawful alternatives. *State v. Rogers*, 330 Or 282, 312, 4 P3d 1261 (2000).

■ We need not determine what type of mistake, surprise, or inadvertence qualifies under the rule in this case because we conclude that defendant's conduct was excusably neglectful. As noted earlier, defendant argued below that he was both mistaken and excusably neglectful, and it appears that the trial court implicitly concluded that any neglect by the adjuster was excusable. In most cases under ORCP 71 B, we have usually applied just the "excusable neglect" component of the rule without regard to whether the conduct might

also be mistaken or inadvertent. *See, e.g., Knox v. GenX Clothing, Inc.*, 215 Or App 317, 168 P3d 1251 (2007) (mistaken assumption about who would follow up on response to complaint within a corporate entity determined to be inexcusable neglect); *Reitz v. Coca-Cola*, 36 Or App 487, 584 P2d 791 (1978) (mistaken assumption that subordinate would refer claim to risk management entity held to be excusable neglect).

In *Morrell v. Lane County*, 35 Or App 793, 582 P2d 847 (1978), we were presented with conduct that was both inadvertent and neglectful. In that case, the plaintiff filed a declaratory judgment action and obtained an order to show cause why a preliminary injunction should not issue. Believing that no appearance was due until after the scheduled show cause hearing, the defendant's attorney failed to answer the complaint. The plaintiff obtained a default order. The defendant's motion to set aside the default order under *former* ORS 18.160, a predecessor to ORCP 71 B with equivalent text, was denied. We reversed the judgment for the plaintiff, reasoning:

> "Defendant's nonappearance was the result of its attorney's misunderstanding regarding the particular procedures involved in this proceeding. That misunderstanding was the result of mistake or inadvertence and, if from negligence, it was excusable negligence within the meaning of ORS 18.160. Under these circumstances, we hold as a matter of law that the error of defendant's counsel in this case resulted from mistake, inadvertence or excusable neglect."

35 Or App at 797 (footnote and citations omitted).

Here, the trial court believed the adjuster's explanation that she misread the January 25 letter and found that the default was the result of that misreading. That factual conclusion is supported by the record. Although mistaken, the adjuster's conduct was neglectful in the sense that she failed to carry out the responsibilities of her job.

■ The trial court did not err in implicitly concluding that the neglect was excusable, that the case was "the kind of thing * * * that will be allowed to go forward." We have determined that the taking of reasonable actions to respond to a plaintiff's claim under a misapprehension of fact can be

excusable neglect. *See Mary Ebel Johnson, P.C.*, 221 Or App at 168 (tender of settlement offer together with draft answer by defendant's attorney under mistaken assumption that no default order would be pursued); *Reitz*, 36 Or App at 494 (delegation of response duty to reliable subordinate with experience in the defense of litigation). On the other hand, the failure to take any action without reasonable explanation is inexcusable neglect. *Stull v. Ash Creek Estates, LLC*, 187 Or App 63, 67-68, 66 P3d 515 (2003). Here, the adjustor did not ignore the letter; she took steps to respond to plaintiffs' demand, consistently with her understanding that a lawsuit had not been filed. The adjustor called and left a message with her insured, and then wrote a letter to the insured with instructions in the event a complaint was served. Her actions were not a deliberate disregard of plaintiffs' claim or a failure to act, but a failure to take the correct action. As such, those actions were excusable neglect.

We thus conclude that the court did not err in implicitly finding excusable neglect in this case. Plaintiffs do not contend that the court's decision was outside its discretion for any other reason. We therefore conclude that the trial court's action in granting relief under ORCP 71 B was within its discretion.

Affirmed.