246 P.3d 91 (2011)
240 Or. App. 371
Estrelia SALDIVAR, Plaintiff-Appellant,
v.
Ken ROBERTS; and Bridge Homes, LLC, an Oregon limited liability corporation, Defendants-Respondents, and
Osmani Hernandez, Defendant.
080710041; A141779.
Court of Appeals of Oregon.
Argued and Submitted June 24, 2010.
Decided January 12, 2011.
*92 Robert J. Miller, Sr., Beaverton, argued the cause and filed the brief for appellant.
No appearance for respondents Ken Roberts and Bridge Homes, LLC.
Before ORTEGA, Presiding Judge, and SERCOMBE, Judge, and LANDAU, Judge Pro Tempore.
SERCOMBE, J.
In this civil action alleging claims of fraud, misrepresentation, conversion, and unfair labor practices, plaintiff appeals an order of the trial court setting aside a general judgment and order of default on the ground of excusable neglect. ORCP 71 B(1)(a). Plaintiff contends that the undisputed facts do not support the conclusion that defendants' default was the result of excusable neglect. We review the trial court's ruling granting defendants' motion for relief for an abuse of discretion, Terlyuk v. Krasnogorov, 237 Or.App. 546, 553, 240 P.3d 740 (2010), and reverse.
The procedural facts are undisputed. On June 15, 2008, plaintiff filed her complaint in the circuit court and also sent a copy of the complaint to defendants Bridge Homes, LLC, Ken Roberts (Bridge Homes's manager), and Osmani O. Hernandez. Defendants were personally served with summons and complaint on July 21, 2008. Defendants did not file a response or otherwise provide notice of an intention to appear.
Plaintiff applied for an order of default pursuant to ORCP 69, and the trial court entered the order on August 29, 2008. On October 1, 2008, the trial court entered a general judgment of default. After the entry of judgment, plaintiff sent defendants a demand for payment, after which plaintiff delivered a writ of garnishment to defendants' bank in an attempt to enforce the judgment. The garnishment was returned, and five weeks later, defendants, through their attorney, filed a motion to set aside the default judgment.
In support of the motion, defendants submitted an affidavit of Roberts describing the personal and business matters that overwhelmed him during the many months before and after the complaint was filed:
"a. At the time I was served, and for several months before and after I was served, I was dealing with very difficult problems personally and professionally. In March, 2008, my wife filed divorce proceedings. I did not focus on the summons and complaint in this case as I should have due to my personal issues. There were numerous letters sent to me in my divorce case that I have been asked to sign for to prove receipt around the time I was served. I have just recently completed work on my divorce settlement and that has freed me up to focus more on other business.
"b. The business of Bridge Homes involves real estate purchases, sales and mortgage finance. My industry generally, the purchase, sale and financing of residential real estate transactions, and my business in particular, have been dealt a severe *93 blow over the last year with the lending crisis and the down turn in the real estate market and it has diverted my attention from other business that I should have been attending to, such as this case. In some of my business dealings investors have attempted to blame companies like mine to avoid taking losses themselves so I have been subjected to frivolous demands to pay monies and threats of legal action which have diverted my attention from matters such as this case.
"c. As part of my business, I have received many mailings by registered or certified mail all asking for signatures on receipt, and quite frankly, after a while these letters all seemed to `blur' together so some matters were ignored, such as responding to the summons in this case.

"d. For the past several months I have been out of state on personal family business, and away from my business in Oregon, and this has led me to be more harried and disorganized, such that I have not responded as I should to paperwork and expected timelines.

"e. I have been exhausted from personal and professional legal issues and simply and completely overwhelmed with not enough time or ability to focus on responding to these types of issues. I did not intentionally fail to respond to the summons and complaint in this case; they simply got lost in the shuffle of my life in the past few months."
(Emphasis added.) In other words, defendant disregarded plaintiff's action because he was overwhelmed with the other issues in his life.
In determining that defendants had established excusable neglect, the trial court said:
"And so I'm going to view this case as falling within the outer reaches of where I can exercise my discretion to allow a motion, and I do this with great reluctances because I think that [plaintiff's attorney] did, you know, everything right.
"But I think that what was happening this fall is unique in the last 20 to 30 years in terms of the economic climate, in terms of how it impacts people, [defendant Roberts's] profession. I think it's significant with or without a divorce proceeding pending. Things were in rapid change. I can't ignore that. I think that makes thisthe timing of this case significant.
"And so I am going to grant the motion[.]"
On appeal, plaintiff contends that defendant Roberts's personal circumstances do not provide a reasonable excuse for his failure to take any action, and we agree. ORCP 71 B(1) provides, in part:
"On motion and upon such terms as are just, a court may relieve a party or such party's legal representative from a judgment for the following reasons: (a) mistake, inadvertence, surprise, or excusable neglect[.] * * * A motion for reason[ ](a) * * * shall be accompanied by a pleading or motion under Rule 21 A which contains an assertion of a claim or defense. The motion shall be made within a reasonable time, and for reason[ ](a), * * * not more than one year after receipt of notice by the moving party of the judgment."
When considering a motion for relief from default, it is the court's responsibility to liberally construe ORCP 71 B(1)(a) so as to avoid the harsh result of depriving a party of its day in court. Terlyuk, 237 Or. App. at 553, 240 P.3d 740. As an aspect of that liberal construction, the court views the facts in the light most favorable to the party seeking relief from the default. Gilbert v. Stancorp Financial Group Inc., 233 Or.App. 57, 62, 225 P.3d 71 (2009), rev. den., 348 Or. 218, 230 P.3d 20 (2010). A motion under ORCP 71 B(1)(a) may be granted if:
"(1) the judgment was entered by virtue of mistake, inadvertence, surprise, or excusable neglect; (2) the defendant acted with reasonable diligence after knowledge of the judgment; and (3) the defendant possesses a meritorious defense to the action."
Charles Schwab & Co. v. Pletz, 95 Or.App. 48, 52, 768 P.2d 407 (1989). If the trial court has made findings, we are bound by them if they are supported by any evidence. Or. Const., Art. VII (Amended), § 3; Matchey v. Staffing Network Holdings, Inc., 195 Or. App. 576, 579, 98 P.3d 1174 (2004), rev. den., 338 Or. 124, 108 P.3d 1173 (2005). As noted, *94 the trial court's decision under ORCP 71 B is reviewed for an abuse of discretion and will be affirmed unless it is not within the range of lawful alternatives. State v. Rogers, 330 Or. 282, 312, 4 P.3d 1261 (2000); Terlyuk, 237 Or.App. at 553, 240 P.3d 740.
A good many of the cases that we have considered under ORCP 71 B have been decided under the "excusable neglect" prong of that rule. We have determined that the taking of reasonable actions to respond to a plaintiff's claim under a misapprehension of fact can be excusable neglect. See Terlyuk, 237 Or.App. at 555, 240 P.3d 740; Mary Ebel Johnson, P.C. v. Elmore, 221 Or.App. 166, 170-71, 189 P.3d 35, rev. den., 345 Or. 301, 194 P.3d 147 (2008) (tender of settlement offer together with draft answer by defendant's attorney under mistaken assumption that no default order would be pursued); Reitz v. Coca-Cola, 36 Or.App. 487, 584 P.2d 791 (1978) (mistaken assumption that subordinate would refer claim to risk management entity held to be excusable neglect). On the other hand, the failure to take any action without reasonable explanation is inexcusable neglect. Stull v. Ash Creek Estates, LLC, 187 Or.App. 63, 67-68, 66 P.3d 515 (2003).
It is undisputed that defendants took no action in response to plaintiff's complaint and did not act until more than a month after the default judgment had been entered and a garnishment had issued. As noted, in Stull, we said that the failure to take any action without "reasonable explanation" is inexcusable. Id. Thus, the question here is whether defendants have offered a reasonable explanation for their failure to take any action. Although the trial court's ultimate determination granting relief from a default judgment under ORCP 71 B is reviewed for an abuse of discretion, whether defendants offered a reasonable explanation for their failure to take any action is a question of law that we review for legal error. See Stull, 187 Or.App. at 70, 66 P.3d 515 (holding counsel's explanation for failure to file response was not sufficient to establish excusable neglect).
The trial court was persuaded by defendant Roberts's description of the combination of unfortunate events in his life during the time when the action was pending. Personal difficulties have indeed been considered sufficient in cases in which the defendant was unable to respond due to some personal circumstance; however, those personal difficulties have generally involved some inability on the part of the defendant to respond. See, e.g., National Mortgage Co. v. Robert C. Wyatt, Inc., 173 Or.App. 16, 20 P.3d 216, rev. den., 332 Or. 430, 30 P.3d 1183 (2001) (defendant's mental illness made her incapable of taking adequate care of her personal and corporate affairs); Fisher v. Fenter, 75 Or.App. 408, 706 P.2d 593 (1985) (defendant's psychiatric difficulties prevented him from participating in his defense of the action). Roberts offered a litany of reasons why overwhelming issues in his personal and business life caused him to ignore other important matters in his life, including plaintiff's case; however, the record does not support a finding that those circumstances made him unable to respond. We conclude that simply choosing to ignore a matter even in the face of difficult circumstances does not qualify as a reasonable explanation so as to give rise to excusable neglect. We therefore conclude that the trial court erred as a matter of law in determining that defendants had provided a reasonable explanation for failing to act on plaintiff's complaint and therefore abused its discretion in granting defendants' motion for relief from the default judgment.
Reversed.